The STATE of Ohio, Appellee,

v.

WRIGHT, Appellant.

[Cite as *State v. Wright* (2000), 137 Ohio App.3d 737.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–246.

Decided March 31, 2000.

*Charles E. Coulson*, Lake County Prosecuting Attorney, and *Julie Mitrovich King*, Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante*, Lake County Public Defender, and *Vanessa R. MacKnight*, Assistant Public Defender, for appellant.

CHRISTLEY, Judge.

This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, James Wright, appeals the sentence imposed by the trial court for driving under the influence of alcohol. For the following reasons, we affirm in part and reverse in part, and remand the matter for further proceedings consistent with this opinion.

On July 10, 1998, appellant was indicted by the Lake County Grand Jury on one count of driving under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1), and one count of driving with a prohibited blood-alcohol level, in violation of R.C. 4511.19(A)(3). Both charges constituted fourth-degree felonies because appellant had previously been convicted of or pled guilty to at least three violations of R.C. 4511.19 or a similar municipal ordinance within six years of the latest offenses.

Appellant waived his right to be present at the arraignment, and the trial court entered a plea of not guilty to both charges. On September 9, 1998, appellant entered a written plea of guilty to the charge under R.C. 4511.19(A)(1) for driving under the influence of alcohol. In return, appellee, the state of Ohio, requested that the second count under the indictment be dismissed. The trial court granted appellee's request and entered a *nolle prosequi* with respect to count two.

Prior to pleading guilty, appellant had filed an affidavit of indigency with the trial court on September 3, 1998. In this affidavit, appellant attested to the fact that, while he was aware that both charges carried a mandatory fine, he was indigent and, therefore, was unable to pay the fine associated with either offense.

On October 7, 1998, the trial court conducted a sentencing hearing. In its judgment entry, the trial court sentenced appellant to serve three years of community control with the following conditions: (1) completion of the first seventy days of his community control in the Lake County Jail, with ten days credit for time served; (2) successful completion of the Northeast Ohio Community Alternative Program, including all aftercare recommendations; (3) a mandatory fine of $750; (4) attendance at four Alcoholics/Narcotics Anonymous meetings per week and obtaining a sponsor; (5) no involvement with drugs or alcohol and submission to random urinalysis testing; (6) maintenance of full employment; (7) completion of two hundred hours of community service with a charity of his choice; (8) strict avoidance of establishments where alcohol is sold, served, given away, or consumed; (9) a three-year suspension of appellant's driver's license; (10) the assessment of six points to appellant's driving record; and (11) attendance at the Lake County Mental Health facility once a week for depression and evaluation for psychotropic drugs. In addition, the trial court overruled appellant's request to suspend the $750 fine based on his indigency.

Appellant filed a timely notice of appeal and asserts three assignments of error for our review:

"[1]   The trial court erred to the prejudice of the Defendant–Appellant when, as a condition of community control, it prohibited the Defendant–Appellant from attending places where alcohol is served or consumed, in violation of the Defendant–Appellant's constitutional rights.

"[2]   The trial court erred to the prejudice of the Defendant–Appellant when it prohibited him from entering places where alcohol is served or consumed as a condition of community control in violation and noncompliance with the statutory standards of the Ohio Revised Code.

"[3]   The trial court erred to the prejudice of the Defendant–Appellant when it imposed the mandatory fine despite the indigence of the Defendant–Appellant."

■   Appellant's first and second assignments of error are interrelated and, therefore, will be addressed together. Under these two assignments, appellant argues that the trial court abused its discretion when it imposed a condition of probation that prohibited him from entering any establishment where alcohol is sold, served, given away, or consumed. Appellant maintains that such a condition is overly broad and vague, and that it impinges on his liberty and unconstitutionally restricts his right to privacy and freedom of association. Furthermore, according to appellant, the condition at issue also fails to comply with the underlying purpose of probation as set out in R.C. 2951.02 (i.e., the rehabilitation of the offender).

In *State v. Green* (Mar. 29, 1999), Lake App. No. 98–L–023, unreported, 1999 WL 203553, this court addressed the validity of a very similar probationary condition. As part of his probation, Green was prohibited from "entering or being at places that sell, distribute, serve, or give away alcoholic beverages." On appeal, Green argued that the trial court abused its discretion when it imposed the above condition of probation because the condition was vague and unclear, and because it impinged upon his constitutional right to freedom of association and privacy.

In response, the state maintained that Green lacked standing to challenge the particular condition because he had yet to be accused of violating its terms. The state also argued that it was debatable as to whether Green could make a constitutional vagueness or overbreadth argument with regard to a condition of probation.

After considering both parties' arguments, we rejected the state's contention that Green lacked standing to contest the condition because we determined that the Supreme Court of Ohio had implicitly acknowledged the same when it addressed a challenge to a term of probation without first requiring that the defendant be accused of violating the condition or that his probation be revoked. *Green* at 2, citing *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. This court also rejected the state's argument concerning Green's vagueness and overbreadth claim. We determined that there was no authority to support the proposition that appellate courts may not consider the constitutional implications of a sentence, and in fact, an appellate court is entrusted with ensuring that the sentence imposed by the trial court is lawful. *Green* at 3.

As to the merits of Green's appeal, we determined that the contested condition satisfied the statutory ends of probation because it was reasonably related to rehabilitating the offender, it had some relationship to the committed crime, and it was reasonably related to future criminality. *Id.* at 3–4. See, also, *Jones* at 53, 550 N.E.2d at 470–471. Despite reaching that initial conclusion, however, we held that the probationary condition was so vague and overbroad that it was incapable of being readily understood. While this court acknowledged that a certain degree of misery or inconvenience can and should accompany a term of probation, a probationer, using his best efforts, should be able to comply with the terms of his probation. However, even a common-sense reading of the contested condition did not inform Green of what conduct was prohibited. As a result, we reversed the judgment of the trial court. *Green* at 5. See, also, *State v. Cottrell* (Nov. 5, 1999), Lake App. No. 98–L–220, unreported, at 12, 1999 WL 1073806, where this court held that a condition of probation which prevented a person from "attending places where alcohol is served or consumed" was overly restrictive and inherently ambiguous as a matter of law.

Here, we reach a similar result as that in *Green* and *Cottrell*. The trial court imposed upon appellant a probationary condition in which he was prohibited from entering establishments where alcohol is sold, served, given away, or consumed. While this condition may serve the statutory underpinnings of probation per *Jones*, that alone is not enough. The condition must still be sufficiently understandable to allow the probationer to meet the terms of his probation.

Under the sentence of the trial court in the instant matter, appellant may be punished for conduct that is unintentional or seemingly innocent like entering a grocery store or gas station. Furthermore, this ambiguous condition does not properly inform appellant of what is and is not permissible. As a result, we conclude that such a condition defeats the underlying purpose of probation, which is to provide the offender an opportunity for rehabilitation under the guidance and supervision of the criminal justice system. Appellant's first two assignments of error are well taken to the extent indicated.[1]

█ In his third and final assignment of error, appellant maintains that the trial court abused its discretion when it imposed the minimum mandatory fine for driving under the influence of alcohol. According to appellant, after he filed his affidavit of indigency, the trial court should have conducted a hearing to consider his claim. Appellant further believes that after conducting such a hearing, the trial court should have made an affirmative determination of appellant's ability to pay the fine, and if it were determined that appellant lacked the ability to pay, the $750 fine should have been waived.

Again, this court has recently addressed the precise issue appellant now raises on appeal. See *State v. Suchevits* (Dec. 17, 1999), Lake App. No. 98–L–205, unreported, 1999 WL 1313644; *Cottrell, supra*; *State v. Spinelli* (July 23, 1999), Lake App. No 98–L–093, unreported, 1999 WL 562676.

In each of the above decisions, we determined that there was no ambiguity in either R.C. 4511.99(A)(4) or 2929.18(B)(3) with respect to the trial court's duty to impose the mandatory fine for a violation of R.C. 4511.19(A)(1). As a result, we held that a trial court has no discretion to waive the fine associated with a fourth degree felony conviction for driving under the influence of alcohol or drugs. *Suchevits* at 1–2; *Cottrell* at 1–5; *Spinelli* at 2.

The touchstone of our analysis focused on the exclusive power held by the General Assembly to prescribe punishment for crimes committed in Ohio. *State v. Rush* (1998), 83 Ohio St.3d 53, 57, 697 N.E.2d 634. Due to its plenary power over such matters, we concluded that when the General Assembly had "intended

---

1. We would like to note that the trial court's judgment entry is time-stamped October 9, 1998. As a result, it is obvious that the trial court did not have the benefit of our decisions in *Green* and *Cottrell* before sentencing appellant.

to allow for the possibility that a mandatory fine could be waived, the legislature included language to that effect in the relevant statutory division itself." *Suchevits* at 9. See, also, R.C. 2929.18(B)(1), which governs the imposition of fines for all first-, second-, and third-degree felony violations of Chapters 2925 (drug offenses), 3719 (controlled substances), and 4729 (pharmacists; dangerous drugs). However, in those situations where waiver language was not included, a sentencing court has no authority to deviate from the statutory requirements and is required to impose at least the minimum mandatory fine.

As was the case in *Suchevits, Cottrell,* and *Spinelli,* a review of the applicable statutes in the instant matter discloses no language regarding the waiver of the mandatory fine due to a defendant's indigence or, for that matter, any other reason. Although the trial court could have fined appellant as much as $10,000, it elected to impose the minimum amount in accordance with R.C. 4511.99(A)(4). Therefore, based on the authority of our prior decisions in the above cases, we conclude that appellant's third assignment of error is without merit.

For the foregoing reasons, appellant's first and second assignments of error are well taken to the extent indicated. Appellant's third assignment of error, however, lacks merit. Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

FORD, P.J., concurs.

NADER, J., concurs in judgment only.