OPINION
{¶ 1} In this accelerated calendar case, appellant, Jeffrey Weimer, appeals the judgment entered by the Newton Falls Municipal Court. Appellee, the state of Ohio, has not filed a brief in this matter. Weimer was convicted of driving under the influence of alcohol ("DUI") and failure to control.
 {¶ 2} In August 2003, Weimer lost control of his motorcycle and crashed into a field in Southington Township, Ohio. He was taken by helicopter to a hospital in Cleveland. Weimer's blood was taken prior to his helicopter transport. As a result of the accident, Weimer was given a citation for failure to control and DUI.
 {¶ 3} On September 2, 2003, Weimer appeared before the trial court and pled not guilty to the charges against him. At that hearing, he waived his speedy trial rights.
 {¶ 4} On March 30, 2004, Weimer appeared with counsel before the court. He withdrew his prior not guilty plea and pled guilty to the failure to control and DUI charges. Weimer was convicted of these offenses. The trial court sentenced Weimer to one hundred eighty days in jail. However, one hundred sixty days of the jail sentence was suspended. In addition, the trial court placed Weimer on probation.
 {¶ 5} Weimer raises three assignments of error. His first assignment of error is:
 {¶ 6} "The trial court committed reversible error when it accepted appellant's guilty plea without first engaging in a meaningful dialogue with appellant regarding his rights."
 {¶ 7} Weimer contends his guilty plea should not have been accepted. We note that Weimer was represented by counsel at the change of plea hearing.
 {¶ 8} Crim.R. 11(C) governs the trial court's obligations before accepting a guilty plea, and provides:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands that the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at with the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} This court has held that a defendant's waiver of constitutional rights under Crim.R. 11(C)(2)(c), requires strict compliance on behalf of the trial court.[1] However, when determining whether the trial court complied with Crim.R. 11(C)(2)(a) and (b), a reviewing court need not determine if the trial court strictly adhered to the rule.[2] The Supreme Court of Ohio has stated that "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance."[3]
In addition, a defendant challenging his guilty plea on the basis that it was not made voluntarily, intelligently, and knowingly must show that he was prejudiced by the trial court's failure.[4]
 {¶ 14} The transcript of the plea hearing indicates the trial court strictly complied with Crim.R. 11(C)(2)(c). Weimer was adequately informed of the constitutional rights he was waiving by entering a guilty plea.
 {¶ 15} Weimer contends that the trial court did not adequately inform him of the terms of his probation. The March 30, 2004 hearing was a combination of a change of plea hearing and a sentencing hearing. While some of the probation terms were discussed at the hearing, the hearing had moved to the sentencing phase at that time.
 {¶ 16} Crim.R. 11 does not require that the trial court question the defendant as to whether he understands the exact sentence that he is to receive. Rather, the statute merely requires the court to advise the defendant of the maximum sentence that may be imposed.[5]
 {¶ 17} We acknowledge that the transcript suggests that Weimer may not have understood the terms of probation imposed by the trial court. However, this colloquy occurred after the trial court had accepted Weimer's guilty plea. Accordingly, any confusion regarding the terms of probation is irrelevant to whether Weimer entered a knowing and voluntary guilty plea.
 {¶ 18} Weimer claims he was prejudiced by the trial court's failure to inform him that a guilty plea would waive any speedy trial argument on appeal. Weimer has argued a speedy trial issue in his second assignment of error. Due to his argument herein, Weimer's second assignment of error will be addressed on its merits. Thus, Weimer's contention that he was prejudiced in this regard is unfounded.
 {¶ 19} Weimer's first assignment of error is without merit.
 {¶ 20} Weimer's second assignment of error is:
 {¶ 21} "The court erred when it overruled appellant's motion to dismiss for lack of speedy trial as appellant did not knowingly and voluntarily waive his right to a speedy trial."
 {¶ 22} We note that a defendant's guilty plea waives his right to raise a speedy trial argument on appeal.[6] However, because Weimer argues that he was not informed of the fact that a guilty plea would waive any speedy trial argument in his first assignment of error, we will address this assignment of error on its merits.
 {¶ 23} "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record."[7]
 {¶ 24} Weimer's waiver of his speedy trial rights was made in open court at the September 2, 2003 hearing. At that hearing, the following colloquy occurred:
 {¶ 25} "THE COURT: How do you plead to these charges?
 {¶ 26} "MR. WEIMER: Not guilty. Waive time.
 {¶ 27} "THE COURT: Huh?
 {¶ 28} "MR. WEIMER: Waive time, sir."
 {¶ 29} Although Weimer did not specifically indicate he was waiving his speedy trial rights, he clearly stated, on two occasions, that he was "waiving time." We note that Weimer, not the trial court, initiated the dialogue regarding the waiver of time. Taken together, these facts demonstrate that Weimer's waiver was entered knowingly and voluntarily.
 {¶ 30} In addition to the in-court waiver, Weimer signed a waiver form, which was filed with the trial court. The following language appears on the form: "[w]aive his right to a speedy trial. Requests an indefinite continuance." "Yes" is handwritten next to this language. Again, a defendant can waive his speedy trial rights through an express, written waiver.[8] Thus, Weimer waived his speedy trial rights by signing this form.
 {¶ 31} Weimer's contention that he did not knowingly and voluntarily waive his speedy trial rights is not supported by the record. Through his in-court statements and his signature on the waiver form, Weimer entered two valid waivers of his speedy trial rights. Therefore, the trial court did not err by denying Weimer's motion to dismiss for lack of a speedy trial.
 {¶ 32} Weimer's second assignment of error is without merit.
 {¶ 33} Weimer's third assignment of error is:
 {¶ 34} "The trial court abused its discretion when it imposed overbroad, vague and unreasonable conditions of appellant's probation."
 {¶ 35} A copy of Weimer's probation terms was not filed in the record at the time the trial court imposed its sentence. However, subsequent to the Weimer's notice of appeal being filed, he was charged with violating his probation. The probation violation proceedings are not at issue in this appeal. However, a copy of Weimer's probation terms was filed during these proceedings. The copy is dated March 30, 2004. The copy is in the trial court record transmitted to this court.
 {¶ 36} Even though the probation violation proceedings are not an issue in this appeal and Weimer had not been charged with violating his probation prior to the initiation of this appeal, Weimer has standing to challenge the conditions of his probation. A defendant does not need to be accused of violating a term of probation in order to challenge it on appeal.[9]
 {¶ 37} As there is a copy of the probation terms in the record and Weimer has standing to challenge the probation conditions, we will address the merits of this assignment of error.
 {¶ 38} "Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation."[10] However, that discretion is not unlimited.[11] In State v. Jones, the Supreme Court of Ohio held:
 {¶ 39} "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."[12]
 {¶ 40} The first condition of probation Weimer objects to is:
 {¶ 41} "INTOXICANTS: You shall not be under the influence of alcohol, drugs or any substance of abuse. You shall not consume or possess alcohol or be found in any establishment where alcohol is sold or consumed by the drink."
 {¶ 42} The probation term relating to alcohol was reasonably related to rehabilitating the offender. If Weimer is precluded from entering an establishment that serves alcohol, he may be less likely to consume alcohol and drive intoxicated. Likewise, the probation condition is related to the crime Weimer was charged with, DUI. Finally, the prohibition relates to conduct that is reasonably related to future criminal conduct, i.e., an additional DUI. Additionally, this court has previously held that prohibiting a defendant with multiple DUI convictions from entering an establishment that serves alcohol is an acceptable condition under the Jones test.[13]
 {¶ 43} Weimer's counsel acknowledged this was Weimer's second DUI conviction within the last six years and that he had at least two prior DUI convictions. At the initial hearing, the trial court stated this was Weimer's fifth or sixth DUI offense. His multiple DUI offenses indicate Weimer has a problem with drinking and driving. Moreover, the instant offense caused a motor vehicle accident. The trial court's alcohol prohibition was related to correcting this problem.
 {¶ 44} Weimer also argues that this condition is overbroad, as it prevents him from entering many restaurants, festivals, and other places were alcohol is served. This court has held that similar probation restrictions were overbroad.[14] However, for the reasons that follow, this case is distinguishable from those cases.
 {¶ 45} In State v. Green and State v. Wright, the probation condition prohibited the defendants from entering places that sell alcoholic beverages. This court concluded the condition applied to places that sell alcohol such as grocery stores and gas stations.[15] The condition in the case sub judice barred Weimer from establishments where alcohol is sold or consumed by the drink. Therefore, he was not precluded from entering grocery stores or gas stations.
 {¶ 46} In State v. Cottrell, the probation condition prohibited the defendant from "attending places where alcohol is served or consumed."[16] Part of this court's concern with the condition was that it potentially excluded the appellant from entering private homes. However, in this case, Weimer was prohibited from entering establishments that serve alcohol by the drink. Presumably, the private residence restriction does not apply.
 {¶ 47} Weimer is precluded from entering certain restaurants that serve alcohol. In addition, he is prohibited from attending professional sporting events that serve alcohol. While many people may go to these types of places and refrain from drinking alcohol, we note that individuals have received DUI convictions after leaving these locations after drinking alcohol.[17]
 {¶ 48} We must remember that probation is an alternative to jail.[18]
The trial court had the discretion to order Weimer to serve the entire jail sentence, rather than suspending it. If Weimer were in jail, he would not be able to go to any restaurants or festivals. Again, Weimer has multiple DUI convictions. The trial court's probation condition regarding alcohol was related to protecting the public by lessening the likelihood that Weimer would reoffend.
 {¶ 49} The trial court did not abuse its discretion by imposing the alcohol probation condition.
 {¶ 50} Weimer also objects to the following condition of his probation:
 {¶ 51} "ASSOCIATION: You shall have no association with anyone on probation or parole or anyone who has been indicted or convicted of a Felony Offense."
 {¶ 52} Applying the Jones test, this condition does not meet the second prong, in that it has no relationship to the crime that Weimer was convicted of, DUI. In addition, the record does not suggest Weimer's crime was committed as part of an organized crime ring. Rather, he had too much to drink and was involved in a motorcycle accident. Based on Weimer's past DUI convictions, the trial court concluded that he has an alcohol problem. The individuals Weimer is precluded from associating with may not have alcohol problems.
 {¶ 53} Also, the probation condition involving association does not meet the third prong of the Jones test. Prohibiting Weimer from associating with individuals with felony convictions is not reasonably related to preventing future criminal behavior involving drunk driving. Weimer needed help with his alcohol problem, and this prohibition would not necessarily help him. Actually, the prohibition may act as a hindrance to Weimer's treatment. Weimer was ordered to attend treatment as part of his probation. Some treatment options could involve counseling with other people who have alcohol problems or who have recovered from alcohol problems. These individuals may be on probation, or could have a prior felony conviction.
 {¶ 54} We are also troubled with the probation condition prohibiting association with anyone who has ever been indicted for a felony. If the condition is read strictly, an individual who was indicted on a felony forty years ago, but had the charges dismissed or was acquitted, would still be an individual Weimer is precluded from associating with. Such a restriction serves no legitimate purpose of probation and is not narrowly tailored to rehabilitating Weimer or preventing future criminal conduct.
 {¶ 55} Weimer's third assignment is without merit regarding the probation condition concerning alcohol, but has merit regarding the association condition.
 {¶ 56} The judgment of the trial court is affirmed regarding appellant's guilty plea and the trial court's denial of his motion to dismiss on speedy trial grounds. Thus, his convictions are affirmed. The judgment of the trial court is reversed regarding the condition of probation prohibiting association. The judgment of the trial court is remanded for the trial court to strike the probation condition regarding association.
Ford, P.J., O'Toole, J., concur.
[1] State v. Mallon (Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 Ohio App. LEXIS 6131, at *8.
[2] Id.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, citing State v.Stewart (1977), 51 Ohio St.2d 86.
[4] Id.
[5] Crim.R. 11(C)(2)(a).
[6] See, e.g., State v. Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus.
[7] State v. King (1994), 70 Ohio St.3d 158, syllabus, following Statev. O'Brien (1987), 34 Ohio St.3d 7 and State v. Mincy (1982),2 Ohio St.3d 6.
[8] State v. O'Brien, 34 Ohio St.3d 7, paragraph two of the syllabus.
[9] State v. Cottrell (Nov. 5, 1999), 11th Dist. No. 98-L-220, 1999 Ohio App. LEXIS 5233, at *5-6, citing State v. Jones (1990),49 Ohio St.3d 51, 52.
[10] State v. Jones, 49 Ohio St.3d at 52.
[11] (Citations omitted.) Id.
[12] Id. at 53.
[13] State v. Cottrell, at *9-10, citing State v. Jones, supra.
[14] State v. Green (Mar. 26, 1999), 11th Dist. No. 98-L-023, 1999 Ohio App. LEXIS 1221; State v. Cottrell, supra; and State v. Wright (2000),137 Ohio App.3d 737.
[15] State v. Green, at *13; State v. Wright, 137 Ohio App.3d at 741.
[16] State v. Cottrell, at *4.
[17] See State v. Luse, 5th Dist. No. 03CA10052, 2004-Ohio-4031, at ¶ 12 (Defendant admitted to drinking at a wedding prior to DUI stop.) Statev. Carleton, 11th Dist. No. 97-G-2112, 1998 Ohio App. LEXIS 6163, at *2 (Defendant drank beer at a Cleveland Indians baseball game prior to DUI stop.)
[18] R.C. 2951.02.