[Cite as *State v. Ice*, 2024-Ohio-5341.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NICOLE D. ICE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0010**

---

Criminal Appeal from the
Municipal Court of Columbiana County, Ohio
Case No. 23 TRC 1450

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Prosecuting Attorney, *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* for Plaintiff-Appellee and

*Atty. Frank L. Cassese*, Betras, Kopp, LLC, for Defendant-Appellant.

Dated:  November 6, 2024

**Robb, P.J.**

{¶1} Defendant-Appellant Nicole D. Ice appeals the judgment of the Columbiana County Municipal Court sentencing her for the offense of operating a vehicle while under the influence (OVI). She challenges the court's exercise of discretion in imposing a probation condition prohibiting her from entering premises serving alcohol. For the following reasons, the trial court's sentencing judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On March 11, 2023 at 11:42 p.m., Appellant was stopped for a traffic violation in the City of Columbiana. She was ticketed for failure to control, a minor misdemeanor in violation of R.C. 4511.202. She was also cited with two counts of OVI in violation of R.C. 4511.19(A)(1)(a) (under the influence) and (h) (prohibited breath concentration).[1] The citation contained a notation of no prior OVIs, making each OVI a first-degree misdemeanor with a maximum jail time of six months.

{¶3} A year later, on March 12, 2024, Appellant pled no contest to failure to control and OVI under (A)(1)(a); the other OVI charge was dismissed. The court sentenced Appellant to 90 days in jail with 87 days suspended and 3 days in a driver intervention program (DIP). She was fined $875 for OVI with $500 suspended and $50 for failure to control. A one-year license suspension was imposed (with eligibility for a reinstated license that day due to credit for time served).

{¶4} Regarding the suspended jail term, the court imposed two years of probation with conditions including a $400 probation fee, 20 hours of community service within two months, reporting as directed by the probation officer, maintaining employment, being evaluated and completing treatment for substance use at DIP, and using no drug of abuse or non-prescribed narcotic. The final condition read, "Not consume or possess alcohol nor enter any premises serving alcohol."

---

[1] The charged subsection (h) involves the higher "concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath" as opposed to subdivision (d) applicable to cases involving a lower "concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath." *Compare* R.C. 4511.19(A)(1)(h) *to* (d).

<u>Case No. 24 CO 0010</u>

**{¶5}** On March 20, 2024, Appellant filed a motion to modify the conditions of probation, contesting the propriety of the aforequoted final condition. She argued she did not have a substance abuse problem, and the condition would interfere with her ability to attend business functions. The court denied the motion. (3/25/24 J.E.).

**{¶6}** Appellant then filed a notice of appeal on April 11, 2024 (attaching the March 12, 2024 entry).

ASSIGNMENT OF ERROR

**{¶7}** Appellant's sole assignment of error provides:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN, AS A CONDITION OF PROBATION, IT PROHIBITED APPELLANT FROM ENTERING ANY PREMISES SERVING ALCOHOL."

**{¶8}** Appellant argues the probation condition prohibiting her from "enter[ing] any premises serving alcohol" is excessive under the facts of her case after applying the test set forth in *State v. Jones*, 49 Ohio St.3d 51, 52 (1990) related to community control provisions in R.C. 2929.25(C)(2). She also contends this condition is so overbroad that it infringes on her liberty interest by barring entry into too many different locations, relying on the analysis in *Jones* and two Eleventh District cases reviewed further below.[2] The conclusion of her brief claims a lesser alternative can readily fulfill the goals of the probation condition, but she does not specifically propose an alternative. *See State v. Talty*, 2004-Ohio-4888, ¶ 14 (in evaluating a probationer's fundamental right to procreate, the Supreme Court noted the availability of ready alternatives may be evidence tending to show a condition is unreasonable).[3]

**{¶9}** The misdemeanor community control statute allows for imposition of a term of community control of up to five years with a required condition "that the offender abide by the law and not leave the state without the permission of the court or the offender's

---

[2] We note this appeal challenges the probation condition prohibiting Appellant from "enter[ing] premises serving alcohol" while her motion below contained a broader request to eliminate the entire phrase "Not consume or possess alcohol nor enter any premises serving alcohol." We also note her motion did not set forth the legal arguments made on appeal involving the tests set forth in *Jones*.

[3] "[C]ommunity control is the functional equivalent of probation . . . Consequently, we see no meaningful distinction between community control and probation for purposes of reviewing the reasonableness of their conditions." *Talty*, 2004-Ohio-4888, at ¶ 16 (accordingly, the Supreme Court continues to apply *Jones* after statutory amendments).

Case No. 24 CO 0010

probation officer." R.C. 2929.25(A)(2),(C)(2) (and referring to "community control sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code"). "In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." R.C. 2929.25(C)(2).

{¶10} "The offender's compliance with the additional requirements also shall be a condition of the community control sanction imposed upon the offender." *Id.*; *see also* R.C. 4511.19(G)(1)(a)(i) (OVI statute allowing the court to impose additional conditions of community control that it considers necessary), citing R.C. 2929.25; R.C. 2929.27(A) (non-exhaustive list of nonresidential sanctions for misdemeanor sentencing, including alcohol use monitoring), (C) ("any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing").

{¶11} The trial court has broad, although not unlimited, discretion in setting the conditions of probation or community control. *Jones* at 52 (applying statutory language now contained in division (C)(2) of R.C. 2929.25). When evaluating whether a community control condition is related to "the interests of doing justice, rehabilitating the offender, and insuring his good behavior" as those terms are used in the statute, a court "should" consider whether it: "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.* at 53.

{¶12} Moreover, the "conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id.* at 52. A condition that is too vague may raise concerns the condition will be too broadly enforced. *See id.* at 52-55. In evaluating such claims, courts are to ask whether the condition appears capable of being readily understood by the probationer or whether a "commonsense" reading of the condition provides the defendant with fair notice of what conduct is prohibited. *Id.* at 54-55.

{¶13} The defendant in *Jones* was convicted of contributing to the unruliness or delinquency of minors for providing alcohol to children, and a condition of his probation prohibited the association or communication with any minor who was not a member of his

immediate family. *Id.* at 52. The appellate court rejected this condition of probation as overbroad and/or unreasonably vague, but the Ohio Supreme Court reversed that holding and upheld the condition. After finding the three considerations satisfied, the Court then found the probation condition was not unreasonably broad by explaining:

> Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against Jones. We find no abuse of discretion by the trial court in imposing this condition of probation. Consequently, the court of appeals had no basis for concluding that the condition was overbroad and unreasonable.

*Jones*, 49 Ohio St.3d at 55. The question is whether the court abused its discretion in imposing the probation condition "as reasonably interpreted. . ." *Id.* at 52.

**{¶14}** In addressing the first consideration set forth by the Supreme Court in *Jones*, Appellant notes the citation said she had no prior OVI conviction and claims her conduct was an isolated incident in a case with no indication she abused alcohol. However, a probation condition prohibiting a probationer's entry into premises where alcohol is served would be reasonably related to rehabilitating an OVI defendant. Rehabilitation here does not require evidence of a medical or psychological condition of a probationer who happens to commit a substance related offense; rather, it is the invocation of the general sentencing principle seeking to rehabilitate offenders through the choice of sentence. *See* R.C. 2929.25(C)(2).

Case No. 24 CO 0010

{¶15} We also point out, although the prohibited breath concentration charge was dismissed under the plea agreement, the breathalyzer reading (showing a blood alcohol concentration of .213) was part of the background information in the file for the court's consideration in sentencing. It is well established that the sentencing court can consider prior allegations or arrests even if no conviction resulted. *State v. Hutton*, 53 Ohio St.3d 36, 43 (1990); *State v. Prieto*, 2007-Ohio-7204, ¶ 55 (7th Dist.), citing *State v. Burton*, 52 Ohio St.2d 21, 23 (1977). Accordingly, a sentencing court may consider the circumstances of other offenses in the charging instrument even if the negotiated plea does not encompass (or is at odds with) the charged elements. *State v. Martin*, 2018-Ohio-862, ¶ 7 (7th Dist.), citing *State v. Starkey*, 2007-Ohio-6702, ¶ 17 (7th Dist.).

{¶16} As to the second consideration set forth in *Jones*, Appellant concedes the probation condition at issue has some relation to the crime of conviction. In fact, it has a clear nexus to the offense of operating a motor vehicle while under the influence of alcohol.

{¶17} Regarding the third consideration, Appellant urges the probation condition barring entry into premises serving alcohol is unrelated to conduct that is criminal in nature, citing *Jones*, 49 Ohio St.3d at 53 (where the third consideration begins, "relates to conduct which is criminal"). However, this is not the sole option listed under the third consideration, which continues ". . . or reasonably related to future criminality and serves the statutory ends of probation." *Id.* In an OVI case, a temporary prohibition on entering premises where alcohol is served (in conjunction with the uncontested prohibition on using or possessing alcohol) is "reasonably related to future criminality and serves the statutory ends of probation." *Id.* Contrary to Appellant's argument, the trial court could reasonably find the three considerations in *Jones* were satisfied.

{¶18} In then arguing the condition against "enter[ing] any premises serving alcohol" was overbroad, Appellant relies on two 1999 Eleventh District cases rejecting a probation condition related to the presence of alcohol, even though the condition was found to satisfy the three conditions in *Jones*. In the first case, a condition of probation prohibited the defendant "from entering or being at places that sell, distribute, serve, or give away alcoholic beverages." *State v. Green*, No. 98-L-023 (11th Dist. Mar. 29, 1999). The appellate court found this condition to be vague and overbroad, saying a "common

sense reading of the contested condition does not inform appellant of what conduct is prohibited" and the condition "defeats the interests of the system by dooming the probationer to failure from the beginning." *Id.*

**{¶19}** Appellant reiterates the Eleventh District's concern that a violation could be unintentional because the sentencing court did not limit the condition to intentional entry, and she emphasizes the concern that the condition could restrict a person from entering a grocery store, drug store, or gas station. However, as the same district more recently explained, the concern with a condition covering all locations where alcohol could be in stock is distinguishable from a condition only applicable to premises *serving* alcohol. *State v. Weimer*, 2005-Ohio-2361, ¶ 45 (11th Dist.).

**{¶20}** The district's prior *Green* case was distinguished on this ground when the *Weimer* court upheld a condition barring the defendant from being "found in any establishment where alcohol is sold or consumed by the drink." *Id.* at ¶ 41. Likewise, the condition imposed upon Appellant (involving entry into premises where alcohol is served) does not include stores where alcohol is merely sold or distributed without service for consumption on site.

**{¶21}** In the second 1999 case relied upon by Appellant, the probation condition prohibited the defendant from "attending places where alcohol is served or consumed." *State v. Cottrell*, No. 98-L-220 (11th Dist. Nov. 5, 1999). The appellate court ruled the condition was overbroad, vague, and not capable of being readily understood. *Id.* Appellant says the court was concerned the condition could be applied to prohibit the defendant's entry into private homes, weddings, sporting events, and restaurants. *Id.*

**{¶22}** However, the Eleventh District's later *Weimer* case suggested *Cottrell* was most concerned about private homes and distinguished the condition at issue in *Cottrell* based on its use of the term "places" (where alcohol is served or consumed). Distinctly, the condition in *Weimer* used the term "establishment" (where alcohol is consumed), which the court said "[p]resumably" did not include private homes. *Weimer* at ¶ 46.

**{¶23}** In addressing the defendant's concern about a restaurant that serves alcohol or a major sporting event, the Eleventh District's more recent case validated the concern that a past OVI offender would be tempted to have a drink at such locations and then drive home. *Id.* at ¶ 47. As mentioned above, the unchallenged portion of the

condition prohibited Appellant from consuming or possessing alcohol in general. We also note a separate, unchallenged condition of Appellant's probation was to not operate a motor vehicle within 24 hours of consuming *any* alcohol. The existence of these conditions tends to validate the court's concern with an OVI probationer entering premises serving alcohol.

{¶24} Lastly, in finding the condition (prohibiting entry into all establishments where alcohol is consumed or sold by the drink) was not overbroad, the Eleventh District's 2005 *Weimer* case made the following observation: "We must remember that probation is an alternative to jail. The trial court had the discretion to order Weimer to serve the entire jail sentence, rather than suspending it. If Weimer were in jail, he would not be able to go to any restaurants or festivals." *Id.* at ¶ 48 (although that defendant had prior convictions, such a factor would seem more related to the three considerations for applying the statutory test).

{¶25} We conclude the condition of probation at issue barring Appellant from "enter[ing] any premises serving alcohol" was not so broad or vague as to require invalidation under *Jones.* Contrary to Appellant's argument that she "would effectively be barred from entering any grocery store, drug store, or gas station," the condition here would clearly not encompass a typical grocery store, drug store, or gas station in this area. As explained above, the condition is distinguishable from a probation condition referring to *any place* where alcohol is served *or sold.* A plain reading of the condition at issue here would not reasonably lead one to fear that premises are "serving alcohol" by selling sealed packages to go.

{¶26} Furthermore, the phrase "enter any premises serving alcohol" would not reasonably include a probationer's visit to a private residence during which the resident happens to pour a drink for a different friend. "Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances." *Jones*, 49 Ohio St.3d at 55. Contrary to Appellant's contention, a reviewing court is *not* to presume the future "[l]iteral enforcement" of every reading of a word in a condition while envisioning every scenario a person may face as we scroll through each synonym for the words used (such as "premises" or "served"). *Id.*

**{¶27}** Rather, our review must be conducted "with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation." *Id.* By way of example, as the state points out, after informing Appellant a condition of her probation would be that she could not use alcohol, the sentencing court also orally advised her, "You are not to enter into any bars or taverns." (Tr. 6-7). As in *Jones*, "There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against [Appellant]." *Jones* at 55.

**{¶28}** For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's sentencing judgment is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Municipal Court of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**