OPINION
{¶ 1} Defendant-appellant, Keith E. McLean ("McLean"), appeals his conviction on one count of parking in a no parking zone, in violation of R.C. 4511.68, and one count of having a firearm in a motor vehicle in violation R.C. 2923.16(C), a fourth degree misdemeanor, following a jury trial in the Trumbull County Court, Eastern District, on May 22, 2003. McLean was sentenced to thirty days in the county jail, stayed pending this appeal. For the following reasons, we reverse the convictions and enter judgment for McLean.
 {¶ 2} McLean was arrested by Brookfield Township Police on February 15, 2003. On February 21, 2003, McLean was served with a complaint charging him with improperly handling firearms in a motor vehicle. McLean was summoned to make an initial appearance (denominated "arraignment" in court records) on February 27, 2003. Per McLean's request, the initial appearance was continued until March 6, 2003.
 {¶ 3} On March 6, 2003, McLean appeared before the court and entered a plea of not guilty. The court asked McLean whether he was "willing to waive [his] right to a speedy trial." McLean replied: "No, but I do need legal counsel." Thereupon, the court directed McLean to the public defender's office. The same day, Assistant Public Defender, Charles G. Mickens ("Mickens"), was appointed to represent McLean and filed an affidavit of indigency on behalf of McLean.
 {¶ 4} The trial court's docket for March 6, 2003, states: "Defendant appeared in court being advised of his rights, entered a plea of not guilty. Defendant further did waive his rights under O.R.C. 2945.71 to a speedy trial. * * * Public defender appointed."
 {¶ 5} At the final pre-trial, on May 8, 2003, and again on the day of trial, May 22, 2003, McLean moved to dismiss the charges against him for violation of his right to a speedy trial. The trial court denied both motions.
 {¶ 6} McLean filed a timely appeal raising the following assignments of error:
 {¶ 7} "[1.] The trial court erred in denying appellant's motions to dismiss for violation of speedy trial rights.
 {¶ 8} "[2.] The evidence was insufficient to support appellant's conviction of having a firearm in a motor vehicle in violation of R.C.2923.16(C)."
 {¶ 9} A person charged with a fourth degree misdemeanor "shall be brought to trial * * * [w]ithin forty-five days after the person's arrest or the service of summons." R.C. 2945.71(B)(1). If a person is not brought to trial within the time required by section 2945.71, he "shall be discharged" "[u]pon motion made at or prior to the commencement of trial." R.C. 2945.73(B). "[S]uch discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C.2945.73(D).
 {¶ 10} Pursuant to Ohio's speedy trial statutes, McLean should have been brought to trial by April 15, 2003, forty-five days following the service of summons plus nine days tolled for the initial appearance being continued per McLean's request. R.C. 2945.72(H). In fact, McLean was not brought to trial until May 22, 2003, eighty-one chargeable days following his arrest.[1] McLean was entitled to be discharged upon his counsel's motion, made at the final pre-trial and renewed at trial.
 {¶ 11} The prosecution argues that the trial court construed McLean's "request for counsel as a motion for appointed counsel, and marked on its docket sheet that he had waived his speedy trial time." Thus, the time for bringing McLean to trial was tolled "on the accused's own motion." R.C. 2945.72(H). We disagree.
 {¶ 12} An accused's waiver of his speedy trial rights cannot be implied. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." State v. King,70 Ohio St.3d 158, 1994-Ohio-412, at syllabus. In this case, the record affirmatively expresses McLean's desire not to waive his speedy trial rights.
 {¶ 13} While "[a]ny period of delay necessitated by the accused's lack of counsel" extends the time within which an accused must be brought to trial, McLean was appointed counsel the same day that he requested counsel. R.C. 2945.72(C). Thus, no delay was occasioned by McLean's lack of counsel. State v. Singer (1977), 50 Ohio St.2d 103, 109 ("extensions [of time] are to be strictly construed, and not liberalized in favor of the state").
 {¶ 14} Finally, the prosecution argues that a trial court may, sua sponte, continue a trial date. R.C. 2945.72(H). "This provision has been interpreted to permit courts to sua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." King, 70 Ohio St.3d at 162. "Whensua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71
for bringing a defendant to trial." State v. Mincy (1982), 2 Ohio St.3d 6, at syllabus.
 {¶ 15} In this case, the trial court neither granted a continuance by judgment entry nor set forth any reasons for the delay in bringing McLean to trial within the time prescribed by R.C. 2945.71. We decline to infer that the trial court sua sponte continued McLean's trial date.
 {¶ 16} The first assignment of error has merit.
 {¶ 17} Having found merit in McLean's first assignment of error, the second assignment of error is moot. In re Goff, 11th Dist. No. 2001-P-0144, 2003-Ohio-6768, at ¶ 8 ("It is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy.") (citation omitted).
 {¶ 18} For the foregoing reasons, McLean's convictions for parking in a no parking zone and having a firearm in a motor vehicle are reversed and judgment is entered for McLean.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Counting from the day after McLean was served with the complaint up to and including February 25, 2003, the day the court continued the date for the initial appearance, four days elapsed. The time from February 26, 2003 until March 6, 2003, when McLean made his initial appearance, is not chargeable against the state. From March 7, 2003 until May 8, 2003, when McLean filed his first motion to dismiss, sixty-seven days elapsed.