The STATE of Ohio, Appellee,

v.

KIST, Appellant.

[Cite as *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2006–G–2745.

Decided Sept. 14, 2007.

James M. Gillette, Chardon Village Police Prosecutor, for appellee.

Thomas J. Simon, for appellant.

---

CYNTHIA WESTCOTT RICE, Presiding Judge.

{¶ 1} Appellant, John R. Kist Jr., appeals his conviction upon his no-contest plea to menacing and trespass. At issue is whether appellant's constitutional and statutory rights to a speedy trial under R.C. 2945.71 et seq. were violated. We are mindful of the extremely serious nature of the crimes appellant committed against a 16–year old student entrusted to his care, of which appellant was found guilty. However, due to the egregious errors committed by the trial court and the state, which resulted in the violation of appellant's right to a speedy trial, we have no alternative but to reverse appellant's conviction.

{¶ 2} On March 21, 2006, the state filed two complaints in the Chardon Municipal Court against appellant, charging him with aggravated menacing, in violation of R.C. 2903.21(A), and aggravated trespass, in violation of R.C. 2911.211(A), both of which are misdemeanors of the first degree. At the time appellant was a high school teacher and guidance counselor for the West Geauga Local School District, and the victim was one of his students. On that same date the court issued summons on the complaints to appellant. The complaints with summons were served on appellant on March 24, 2006.

{¶ 3} On March 22, 2006, the court issued a criminal-stalking protection order against appellant, restraining him from committing acts of abuse against the victim and his family.

{¶ 4} On April 18, 2006, appellant entered written pleas of not guilty. On April 20, 2006, the court issued notice of a pretrial to be held on May 15, 2006, and a change-of-plea hearing to be held on May 30, 2006.

{¶ 5} On May 30, 2006, appellant filed a motion to continue the change-of-plea hearing. The court granted the motion, and then by notice, dated May 30, 2006, reset the change-of-plea hearing to June 6, 2006.

{¶ 6} On June 8, 2006, the court issued a notice scheduling a pretrial on July 11, 2006, and rescheduling the change-of-plea hearing to July 25, 2006.

{¶ 7} On July 11, 2006, the court entered an order scheduling the matter for a trial management conference on August 28, 2006.

{¶ 8} On July 12, 2006, the court issued a notice rescheduling the pretrial for August 28, 2006, and setting the jury trial for September 7, 2006.

{¶ 9} It is undisputed that appellant never waived his right to a speedy trial verbally or in writing. It is further undisputed that appellant never filed any additional requests for a continuance subsequent to his May 30, 2006 motion to continue the change-of-plea hearing.

{¶ 10} On August 28, 2006, appellant filed a motion to dismiss due to the alleged violation of his speedy-trial rights. On August 30, 2006, the court entered an order, providing that if appellant's motion to dismiss was denied, the jury trial would be held on October 19, 2006. On August 30, 2006, the court issued a notice scheduling the jury trial for October 19, 2006.

{¶ 11} On September 5, 2006, appellant filed a supplement to his motion to dismiss. On September 18, 2006, the state filed its brief in opposition. On September 28, 2006, the court entered its order denying appellant's motion to dismiss.

{¶ 12} On October 20, 2006, the court issued a notice scheduling a pretrial for November 7, 2006, and rescheduling the jury trial for November 9, 2006.

{¶ 13} On October 27, 2006, the state filed amended complaints, reducing the charges to trespass, in violation of R.C. 2911.21(A), and menacing, in violation of R.C. 2903.22, both of which are misdemeanors of the fourth degree.

{¶ 14} On November 6, 2006, appellant reasserted his motion to dismiss on the record and entered pleas of no contest to the amended charges of menacing and trespass. He was found guilty of both offenses and sentenced. Appellant appeals the court's judgment entry of conviction, and in particular, the court's order denying his motion to dismiss for lack of a speedy trial. Appellant asserts the following single assignment of error:

{¶ 15} "The trial court erred in denying appellant's motion to dismiss for state's [sic] failure to bring appellant/defendant to trial within the period specified by Ohio Revised Code Section 2945.71."

{¶ 16} The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution. The statutory speedy-trial provisions set forth at R.C. 2945.71 et seq. are coextensive with the constitutional speedy-trial provisions. *State v. King* (1994), 70 Ohio St.3d 158, 160, 637 N.E.2d 903. The statutory provisions "constitute a rational effort to enforce the constitutional right to a * * * speedy trial * * * and [must] be strictly enforced by the courts of this state." *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, at syllabus. The speedy-trial statute is constitutional, mandatory, and must be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 362 N.E.2d 1216.

{¶ 17} The standard of review of a speedy-trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. *State v. Blumensaadt* (Sept. 21, 2001),

11th Dist. No. 2000–L–107, 2001 WL 1116458, *6; see, also *State v. Pierson*, 149 Ohio App.3d 318, 2002-Ohio-4515, 777 N.E.2d 296, at ¶ 12.

{¶ 18} Speedy-trial issues present mixed questions of law and fact. *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts. Id.

{¶ 19} Initially, we note that appellant never waived his right to a speedy trial on the record, verbally or in writing. The statutory right to a speedy trial can be waived by the accused or his attorney acting on his behalf. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218. For the waiver to be effective, it must be expressed in writing or made in open court on the record. *King*, 70 Ohio St.3d at 161, 637 N.E.2d 903; *State v. Weimer*, 11th Dist. No. 2004–T–0040, 2005-Ohio-2361, 2005 WL 1131773, at ¶ 23.

{¶ 20} R.C. 2945.71(B)(2) requires that an accused charged on a first-degree misdemeanor be brought to trial within 90 days after arrest or service of summons. *State v. Burdick* (May 26, 2000), 11th Dist. No. 98–G–2209, 2000 WL 688729.

{¶ 21} If an accused is not brought to trial within the time required by R.C. 2945.71, he "shall be discharged" "[u]pon motion made at or prior to the commencement of trial." R.C. 2945.73(B).

{¶ 22} Once the defendant demonstrates that he was not brought to trial within the applicable statutory limit, he has established a prima facie case for dismissal. The burden then shifts to the state to demonstrate that as a result of tolling or extension of the statutory time limit, the right to a speedy trial has not been violated. *State v. Smith* (Aug. 10, 2001), 11th Dist. No. 2000–A–0052, 2001 WL 901016, *5, citing *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368.

{¶ 23} In this case, appellant was charged with two misdemeanors of the first degree. Therefore, the state was required to bring him to trial within 90 days.

{¶ 24} The charges were filed against appellant on March 21, 2006, and he was served on March 24, 2006. The date of service does not count against the state for purposes of determining whether a defendant's right to a speedy trial has been violated. *Pierson*, 149 Ohio App.3d 318, 2002-Ohio-4515, 777 N.E.2d 296, at ¶ 14; *State v. Gibson*, 11th Dist. No. 2002–T–0055, 2003-Ohio-5695, 2003 WL 22427821, at ¶ 13. As a result, the speedy-trial count began to run on March 25, 2006.

{¶ 25} Under the 90–day time limit set forth at R.C. 2945.71(B)(2), the state had to try appellant by June 22, 2006, which was 90 days after service.

Appellant's case had not begun by that date. The trial court set the case for trial on November 9, 2006. On November 6, 2006, appellant reasserted his motion to dismiss and entered his no-contest plea. As a result, the state had the burden to prove that appellant's right to a speedy trial was not violated due to tolling or extension of the speedy-trial statute.

{¶ 26} R.C. 2945.72 sets forth an exclusive list of exceptions that toll the time within which the accused must be tried. It provides:

{¶ 27} "The time within which an accused must be brought to trial * * * may be extended only by the following:

{¶ 28} " * * *

{¶ 29} "(E) Any period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused;

{¶ 30} " * * *

{¶ 31} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶ 32} Under R.C. 2945.72(H), the period of any continuance granted on the accused's own motion extends the speedy-trial time during the period of delay caused by the motion. *State v. Martin* (1978), 56 Ohio St.2d 289, 297–298, 10 O.O.3d 415, 384 N.E.2d 239; see, also, *State v. Hubbard* (Dec. 30, 1994), 11th Dist. No. 95–T–4756, 1994 WL 738807, *3; *State v. Stephens* (1977), 52 Ohio App.2d 361, 6 O.O.3d 404, 370 N.E.2d 759.

{¶ 33} Our review of the record reveals that no events occurred between March 25, 2006, and May 30, 2006, which would toll or extend the speedy-trial deadline of June 22, 2006.

{¶ 34} On May 30, 2006, appellant filed a motion for continuance of his change-of-plea hearing, and the court reset the hearing to June 6, 2006. Consequently, the speedy-trial clock tolled during the seven days between May 30, 2006, and June 6, 2006, by virtue of appellant's motion. This extended the time within which appellant had to be brought to trial by seven days to June 29, 2006.

{¶ 35} Under R.C. 2945.72(H), a continuance granted other than on the accused's own motion, i.e., either on the state's motion or sua sponte by the court, extends the time limits only if the continuance is reasonable. The Ohio Supreme Court has held that courts may sua sponte continue a trial beyond the statutory speedy-trial limit, "but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." *King,* supra, 70 Ohio St.3d at 162, 637 N.E.2d 903.

{¶ 36} In *State v. Siler* (1979), 57 Ohio St.2d 1, 11 O.O.3d 1, 384 N.E.2d 710, the trial court issued a notice setting a trial date that was beyond the speedy-trial limit. The defendant filed a motion to dismiss, which was overruled. The Seventh Appellate District reversed, holding that R.C. 2945.72(H) cannot extend the 90–day limit provided by R.C. 2945.71 unless the trial court grants a continuance by journal entry prior to the expiration of the statutory time limit. The Supreme Court affirmed, noting that there was no journal entry in the record giving any reason for setting the date of defendant's trial beyond the speedy-trial limit. The court further noted: "This court has 'imposed upon the prosecution and the trial courts the mandatory duty of complying with R.C. 2945.71 through 2945.73' and held that 'the burden is * * * on the state to bring an accused to trial within the statutory period.'" Id. at 4, 11 O.O.3d 1, 384 N.E.2d 710, quoting *State v. Singer* (1977), 50 Ohio St.2d 103, 105–106, 4 O.O.3d 237, 362 N.E.2d 1216. The court held that the statutory speedy-trial limit is not tolled under R.C. 2945.72(H) unless a sua sponte continuance order is filed that is supported by sufficient detail. 57 Ohio St.2d at 4–5, 11 O.O.3d 1, 384 N.E.2d 710.

{¶ 37} The Supreme Court has also held that the trial court must both grant the continuance by journal entry and make its entry prior to the expiration of the time limit set by R.C. 2945.71 in order to set the trial date beyond the statutory speedy-trial limit. *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571. In *Mincy* the defendant was charged with aggravated robbery. Trial was scheduled for October 23, 1980, three days before the expiration of the statutory time limit. Court personnel contacted the defendant's attorney on the trial date and informed him that the trial would not proceed that day. No journal entry was filed at that time setting forth the reason for the continuance. Trial was reset to November 5, 1980, ten days beyond the speedy-trial limit. The statutory deadline expired before the trial court filed a journal entry continuing the case. On the day of trial, the defendant moved to dismiss the charge under R.C. 2945.71. The trial court denied the motion. The appellate court reversed the defendant's conviction and ordered him discharged.

{¶ 38} The Supreme Court in *Mincy* noted that "[t]he sole issue to be determined in this appeal is whether a trial court may wait until after the expiration of the statutory time within which a criminal defendant must be brought to trial to file its journal entry continuing the case and setting forth the reasons for granting the continuance." Id., 2 Ohio St.3d at 7, 2 OBR 282, 441 N.E.2d 571. The court also stated that in every case in which it had previously held that a sua sponte continuance was reasonable, "the continuances were made by journal entry *prior* to the expiration of the time limit in R.C. 2945.71." Id. at 7–8, 2 OBR 282, 441 N.E.2d 571. (Emphasis sic.)

{¶ 39} The court continued: "This court has previously condemned after-the-fact extension * * *. Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit." Id. at 8, 2 OBR 282, 441 N.E.2d 571. The court in *Mincy* went on to hold: "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at syllabus.

{¶ 40} This court, in citing *King* and *Mincy*, has held that R.C. 2945.72(H) allows a trial court to sua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, "but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." *State v. McLean*, 11th Dist. No. 2003–T–0115 and 2003–T–0116, 2005-Ohio-954, 2005 WL 517455, at ¶ 14. In *McLean*, this court held that because the trial court did not grant a continuance by journal entry nor set forth any reason for the delay in bringing the defendant to trial within the statutory speedy-trial limit, it would not infer that the trial court had sua sponte continued the trial date.

{¶ 41} In the case sub judice, each sua sponte continuance was made by a standardized notice form or by an order, none of which included any reasons in support. Further, the record does not disclose any reason for any of these continuances. We therefore hold that the notices and sua sponte orders, beginning with the trial court's notice of June 8, 2006, scheduling a pretrial and change-of-plea hearing beyond the mandatory speedy-trial limit, were not sufficient to demonstrate the need for the continuance beyond the statutory speedy-trial limit.

{¶ 42} In summary, 67 days elapsed from the date that appellant was served with summons, i.e., on March 24, 2006, until he filed his motion for continuance on May 30, 2006. From the continued date of the pretrial, i.e., June 6, 2006, the state had an additional 23 days in which to try appellant, i.e., until June 29, 2006. Appellant was required to be brought to trial by that date. Because none of the continuances noticed or entered included any reasons in support, each must therefore be charged against the state. See *McLean*, supra, at ¶ 14–15. Excluding the 31–day delay caused by appellant's motion to dismiss, see *Singer*, appellant's change-of-plea hearing date of November 6, 2006 occurred 99 days past the statutory deadline. Consequently, we are forced to hold that appellant's right to a speedy trial was violated.

{¶ 43} The amended complaints filed on October 27, 2006, are not relevant here for speedy-trial purposes since the state had allowed the time to run under the original complaints before the amended complaints were filed. The time within

which appellant had to be tried for the lesser offenses was 45 days. R.C. 2945.71(B)(1). The rule in this area has been expressed as follows:

{¶ 44} "When an original charge is reduced to a lesser charge that carries a shorter speedy-trial time limit, the speedy-trial deadline will be the earlier of (1) the speedy-trial deadline for the original charge, applied from the date of the original charge, or (2) the speedy-trial deadline for the lesser charge applied from the date that the original charge was reduced to the lesser charge." *State v. Gasnik* (1998), 132 Ohio App.3d 612, 614, 725 N.E.2d 1162.

{¶ 45} The state concedes in its appellate brief that when a trial court grants a continuance sua sponte, the court must record in its journal that the continuance is granted sua sponte and "set forth the reasons justifying the continuance." In citing *Siler*, the state further concedes: "A trial court must both grant the continuance and make its order of any rescheduled trial date that falls beyond the speedy trial limits within the statutory time limit. When the trial court's order is not properly journalized, the time is not tolled."

{¶ 46} The state also concedes that "the continuances granted by the trial court and the scheduling of the trial dates were not journalized nor reduced to a written judgment or order." It concedes that the trial court "cannot after the fact journalize nor order its continuance per the mandate of *Siler*, supra." It admits that "the details required by *Siler* are not in the trial court's judgment entries" and instead attempts to justify the court's continuances by stating— without any reference to the record—that appellant agreed to the July 11, 2000 pretrial and the September 7, 2006 trial date. The state contends that appellant agreed at the June 6, 2006 pretrial that another pretrial would be held on July 11, 2006. It states that the purpose of the continuance was to allow appellant to submit his resignation to the West Geauga Local School District and surrender his teaching certificate. While this reason may well have justified a "continuance other than upon the accused's own motion," the court never prepared an entry specifying this as the reason for the continuance. Further, this reason is nowhere documented in the record. Since the court speaks only through its journal entries, we cannot consider the representations by the state in determining whether this continuance extended the statutory speedy-trial limit.

{¶ 47} In light of the well-established law in this area, it is inconceivable that the trial court would not have made any attempt to prepare appropriate journal entries explaining the reasons for the continuances granted here, which set the matter well beyond the applicable speedy-trial limit. It is equally inconceivable that if appellant had verbally consented to the two continuances granted by the court, the prosecution would not have taken any steps to ensure such consent was documented in judgment entries to be contemporaneously signed by the trial court.

{¶ 48} Despite the state's admission that the trial court failed to comply with the Supreme Court's holdings in *Siler* and *Mincy,* the state advances the absurd position that we should remand this case so the trial judge may testify concerning appellant's alleged consent to the continuance of the pretrial from June 6, 2006, to July 11, 2006; the court's reason for scheduling the jury trial on September 7, 2006, beyond the speedy trial deadline; and the alleged necessity for the continuance of the trial from October 19, 2006 to November 7, 2006.

{¶ 49} The state argues that because reasons for a continuance are not stated by journal entry, "testimony of the Acting Judge is necessary for the State to present evidence of [appellant's] consent to the continuance * * *." The state cites no authority that would support this argument. In fact, the procedure requested by the state would directly violate the express holdings of the Ohio Supreme Court in *King, Siler*, and *Mincy*. In those cases, the Supreme Court made it clear that the reason for a sua sponte continuance to a date beyond the speedy-trial limit must be incorporated in a journal entry made prior to the expiration of the speedy-trial limit. The procedure suggested by the state would thus require us to violate the express holdings of the Ohio Supreme Court, which we cannot and will not do.

{¶ 50} The remand requested by the state would also render meaningless the Supreme Court's holdings. If we were to follow the state's suggestion, it would mean that any time a court fails to journalize an order granting a sua sponte continuance, the court could avoid the Supreme Court's holdings by simply conducting a hearing after the fact at which the court would explain its purported reasons for the continuance. Since a continuance can only be accomplished by journal entry and, as the state concedes, the trial court cannot prepare a journal entry after the fact to support a continuance, there would be no reason for the judge to offer testimony after the fact to support the continuance. The remand requested by the state would therefore be futile.

{¶ 51} The right to a speedy trial is guaranteed by the federal and Ohio Constitutions. The Ohio Supreme Court has set forth guidelines that trial courts and the state must follow to ensure that this right is protected. Here, the trial court repeatedly failed to record the reasons for its sua sponte continuances and did not even prepare journal entries concerning most of them. For its part, the state did nothing to ensure that appellant's consent, if he had in fact given it, or the reasons for the continuances were reflected in the court's journal entries. Since the trial court can speak only through its journal entries, we have no way of knowing the reason any of the continuances were made in this case. There is no excuse for this failure to follow the clear and well-settled holdings of the Supreme Court.

{¶ 52} We recognize that our decision today has the disastrous consequence of discharging a criminal defendant found guilty of serious crimes he committed against a student entrusted to his care. The sole reason for this result is the repeated failure of the trial court and the prosecutor to follow the decisions of the Ohio Supreme Court. This result could easily have been avoided if the trial court and the state had fulfilled their respective obligations as established by the Supreme Court. We can only hope that this breach of duty is not repeated. On this record, we have no alternative but to reverse appellant's conviction.

{¶ 53} For the reasons stated in the opinion of this court, the sole assignment of error has merit. It is the judgment and order of this court that the judgment of the Chardon Municipal Court is reversed.

Judgment reversed.

TRAPP, J., concurs.

GRENDELL, J., concurs in judgment only.