OPINION
{¶ 1} Appellant, Christopher D. Ange, appeals from the Portage County Court of Common Pleas judgment entry that sentenced him for two counts of gross sexual imposition after being found guilty by a jury. Mindful as we are of the extremely serious nature of the crimes appellant committed against his biological daughter, we nevertheless have to reverse appellant's conviction due to the violation of appellant's constitutional and statutory right to a speedy trial. For the following reasons, we reverse. *Page 2 
 {¶ 2} Substantive and Procedural History
 {¶ 3} Appellant ("Mr. Ange") was indicted by grand jury on January 20, 2006, for two counts of gross sexual imposition. Both counts were felonies of the third degree, in violation of R.C. 2907.05(A)(4), and alleged the offenses occurred between January 1, 2003 and January 1, 2004. Mr. Ange was residing in Ft. Myers, Florida, at the time of indictment and was not arrested until May 22, 2006, by Ft. Myers authorities. He was extradited to Ohio on June 16, 2006, and held until his arraignment on June 19, 2006. The court accepted his plea of not guilty and set the matter for a pretrial on October 11, 2006, and for a jury trial on October 17, 2006.
 {¶ 4} On June 26, 2006, the court granted Mr. Ange's motion to return to Ft. Myers to close out his employment and conclude his business affairs in Florida.
 {¶ 5} Thereafter no motions were filed until October 10, 2006, when Mr. Ange filed a motion to continue. The court granted the motion on the same day, continuing the pretrial and trial. Two days later, on October 12, 2006, the court scheduled a pretrial for November 29, 2006, and on November 29, 2006, the court scheduled the trial for December 12, 2006.
 {¶ 6} On December 7, 2006, Mr. Ange filed another motion to continue as well as a demand for discovery. The demand for discovery concerned a Summit County Children Services' ("Children Services'") file on the minor victim, "K", that contained allegations of sexual abuse by a family member that she made when she was three years old.
 {¶ 7} On December 12, 2006, the court granted Mr. Ange's motion to continue and reset the jury trial for December 26, 2006. The state issued a subpoena duces *Page 3 
tecum, ordering Children Services to appear on December 26, 2006, with K's file. Children Services filed a motion to quash the subpoena on December 22, 2006, which the court overruled during a discovery hearing held on December 26, 2006. Further, the court ordered Children Services to provide the entire file by January 5, 2007.
 {¶ 8} On February 12, 2007, the court held a hearing on the matter and issued a judgment entry on February 16, 2007. The court found that K's prior unsubstantiated allegation of sexual abuse by a family member was relevant and probative, and that Mr. Ange would be permitted to cross-examine the victim regarding the accusations, if "clearly probative of truthfulness or untruthfulness" but that the "records themselves were not admissible."
 {¶ 9} From February 16, 2007 until June 12, 2007, no further actions were taken by Mr. Ange, the state, or the court. On June 12, 2007, the court sent a notice that a pretrial was scheduled for July 23, 2007 and a jury trial for July 26, 2007.
 {¶ 10} On July 12, 2007, the state filed a motion to continue on the grounds that the prosecutor had another criminal trial scheduled for July 26, 2007, and that the victim would be out of town until August 15, 2007. The court granted the continuance on July 20, 2007, and issued a notice on the same day that the jury trial was rescheduled for August 7, 2007. The court then issued another notice on August 3, 2007, resetting the jury trial for August 16, 2007.
 {¶ 11} The grand jury re-indicted Mr. Ange on August 14, 2007, amending the time period the acts occurred from "January 1, 2003 and May 1, 2004" to "January 1, 2002 and May 1, 2004." Before proceeding to a jury trial on August 16, 2007, the court heard various motions and arraigned Mr. Ange on the amended indictments. Mr. Ange *Page 4 
then moved to have the amended indictment dismissed due to time issues. The court reserved judgment, requesting that both parties present briefs on the issue.
 {¶ 12} On September 5, 2007, Mr. Ange filed a written motion to dismiss, alleging his right to a speedy trial was violated. After holding a hearing on the issue the day before, the court issued a judgment entry on September 11, 2007. The judgment entry overruled Mr. Ange's motions to dismiss without explanation.
 {¶ 13} The state then filed a motion to continue or alternatively, a motion for deposition of a witness on September 20, 2007. The state then filed another motion to continue on September 25, 2007, which the court granted on the same day.
 {¶ 14} The matter was tried before a jury on October 16, 17, and 18 of 2007. The jury returned a guilty verdict on both counts of gross sexual imposition on October 18, 2007. Subsequently, following a sentencing hearing on December 14, 2007, the court issued a judgment entry that adjudicated and notified Mr. Ange that he was an offender of a sexually oriented offense and that he had a duty to register as a sex offender or child victim offender. In a separate judgment entry, the court sentenced Mr. Ange to serve a three year term on the first count of gross sexual imposition, and a two year, consecutive term of imprisonment on the second count, for a total term of five years. The court notified Mr. Ange of the terms of post-release control, and ordered him to pay $10,000 in restitution and $500 in court costs. The court also overruled Mr. Ange's oral motion for a stay of the execution of his sentence pending appeal.
 {¶ 15} Mr. Ange filed his notice of appeal on December 21, 2007, and a motion to stay the execution of his sentence with this court on February 14, 2008. We overruled *Page 5 
Mr. Ange's motion, but determined that his appeal concerning speedy trial violations should be placed on the accelerated calendar.
 {¶ 16} Mr. Ange raises two assignments of error:
 {¶ 17} "[1.] The trial court erred to the prejudice of defendant-appellant in denying defendant-appellant's motion to dismiss on the ground that the state had failed to bring the case to trial within the statutory time period as set forth in Revised Code Section 2945.71.
 {¶ 18} "[2.] The trial court erred to the prejudice of defendant-appellant in accepting the prosecution's arguments that the amended indictment as filed on August 14, 2007 created a new time period within which to commence the trial in this matter."
 {¶ 19} Speedy Trial Standard of Review
 {¶ 20} "The right to a speedy trial is guaranteed by theSixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. The statutory speedy trial provisions set forth at R.C. 2945.71 et seq. are coextensive with the constitutional speedy trial provisions." State v. Kist, Jr., 173 Ohio App. 3d 158,2007-Ohio-4773, ¶ 16, citing State v. King (1994), 70 Ohio St.3d 158,160. "The statutory speedy trial provisions `constitute a rational effort to enforce the constitutional right to a * * * speedy trial and [must] be strictly enforced by the courts of this state.'" Id., quotingState v. Pachay (1980), 64 Ohio St.2d 218, at syllabus. "The speedy trial statute is constitutional, mandatory, and must be strictly construed against the state." Id., citing State v. Singer (1977),50 Ohio St.2d 103, 109.
 {¶ 21} "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side, and determine whether the case was tried within the *Page 6 
time limits set by R.C. 2945.71." Id. at ¶ 17, citing State v.Blumensaadt, 11th Dist. No. 2000-L-101, 2001-Ohio-4317, ¶ 16; see, alsoState v. Pierson, 149 Ohio App.3d 318, 2002-Ohio-4515, ¶ 12.
 {¶ 22} "Speedy trial issues present mixed questions of law and fact." Id. at ¶ 18, citing State v. Hiatt (1997), 120 Ohio App.3d 247, 261. "We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id.
 {¶ 23} Motion to Dismiss
 {¶ 24} In his first assignment of error, Mr. Ange contends that the trial court erred in overruling his motion to dismiss due to a speedy trial violation. Specifically, Mr. Ange asserts that five hundred thirteen days elapsed from the date of his arrest until the date of his trial, October 16, 2007. Because R.C. 2945.71 requires that a person charged with a felony be brought to trial within two hundred seventy days after the person's arrest, he contends his motion to dismiss should have been granted. Although we find the time frame to be slightly different, our review of the record reveals that Mr. Ange's contention has merit since he was not brought to trial within the requisite two hundred seventy day time period. For the following reasons, we reverse.
 {¶ 25} At the outset we note that Mr. Ange did not waive his right to a speedy trial. "The statutory right to a speedy trial can be waived by the accused or his attorney acting on his behalf." Id. at ¶ 19, citingState v. O'Brien (1987), 34 Ohio St.3d 7. "For the waiver to be effective, it must be expressed in writing or made in open court on the record." Id., citing King at 161; State v. Weimer, 11th Dist. No. 2004-T-0040, 2005-Ohio-2361, ¶ 23. *Page 7 
 {¶ 26} Thus, as required by R.C. 2941.71(C)(2), when the right to a speedy trial is not waived "[a] person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 27} "If an accused is not brought to trial within the time required by R.C. 2945.71, he `shall be discharged' `upon motion made at or prior to the commencement of trial.'" Kist at ¶ 21, quoting R.C. 2945.73(B).
 {¶ 28} "Once the defendant demonstrates that he was not brought to trial within the applicable statutory limit, he has established a prima facie case for dismissal. The burden then shifts to the state to demonstrate that as a result of tolling or extension of the statutory time limit, the right to a speedy trial has not been violated." Id. at ¶ 22, citing State v. Smith (Aug. 10, 2001), 11th Dist. No. 2000-A-0052, 2001 Ohio App. LEXIS 3531, 13, citing State v. Butcher (1996),27 Ohio St.3d 28.
 {¶ 29} In this case, Mr. Ange has established a prima facie claim that his right to a speedy trial has been violated. He was charged with two felonies of the third degree. Therefore, the state was required to bring him to trial within two hundred seventy days. For purposes of speedy trial, the clock began to run the day after he was returned to the state of Ohio from Florida on June 17, 2006. Due to the rather convoluted motion practice in this case, the speedy trial time clock stopped and started on more than one occasion. Most importantly, the state conceded in its brief that as of August 16, 2007, the state "had used two hundred sixty eight days and had only two days remaining to try appellant." Since trial did not begin until October 16, 2007, Mr. Ange has set forth a prima facie claim of a speedy trial violation. The burden thus shifted to the state to *Page 8 
demonstrate an extension, which it has failed to do and so conceded during oral argument.
 {¶ 30} Specifically, on the morning trial was scheduled to begin on August 16, 2007, two hundred and sixty-eight days had passed that were chargeable against the state in calculating the statutory speedy trial period since Mr. Ange was extradited to Ohio. Time was again tolled, however, when Mr. Ange filed a motion to dismiss due to speedy trial violations on the morning of trial and the motion was set for a hearing on September 10, 2007. On September 11, 2007, the court filed a judgment entry, overruling Mr. Ange's motion to dismiss. Thus, for purposes of statutory tolling, the clock began to run again on September 12, 2007. Accordingly, Mr. Ange should have been brought to trial by September 14, 2007. No motion was filed by either party until September 25, 2007, when the state filed a motion to continue, which was granted by the trial court on the same day. Thus, the motion to continue was filed eleven days past the date Mr. Ange should have been brought to trial.
 {¶ 31} We are mindful that our decision today "has the disastrous consequence of discharging a criminal defendant found guilty of serious crimes he committed" against his biological daughter. Id. at ¶ 52. We have no choice, however, but to reverse because Mr. Ange's right to a speedy trial within the statutory time period was violated.
 {¶ 32} Appellant's first assignment of error has merit.
 {¶ 33} Re-Indictment of August 14, 2007
 {¶ 34} We do not reach the merits of Mr. Ange's second assignment of error, which relates to his re-indictment by grand jury on August 14, 2007, because we find Mr. Ange's first assignment to have merit, and thus reverse on the grounds that Mr. *Page 9 
Ange's right to a speedy trial was violated. We note, however, that regardless of whether we were to find Mr. Ange to have been re-indicted, or the indictment itself amended, the nature and conduct of the offenses did not change and our determination of the periods of time of tolling or extension would not change.
 {¶ 35} The Supreme Court of Ohio recently held in State v.Blackburn, Slip Opinion No. 2008-Ohio-1823, that "[i]n calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71 periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." Id. at syllabus.
 {¶ 36} Thus, Mr. Ange's motion to dismiss should have been granted as his speedy trial rights were clearly violated in this case under both the original and amended indictment.
 {¶ 37} For the reasons stated in this opinion of this court, Mr. Ange's first assignment of error has merit. The judgment of the Portage County Court of Common Pleas is reversed.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1