[Cite as *State v. Meyer*, 2015-Ohio-5462.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0046** |
| JOHN A. MEYER, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division.
Case No. R 2014 TRD 2935.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John A. Meyer, III*, pro se, 8969 Applewood Dr., Cincinnati, OH 45236 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, John A. Meyer, III, pro se, appeals the judgment of the Portage County Municipal Court, Ravenna Division, convicting him of one count of speeding after a plea agreement. On appeal, Mr. Meyer argues his right to a speedy trial was violated. Based on the following, we affirm the judgment of the lower court.

{¶2} On March 6, 2014, Mr. Meyer was issued a traffic citation for a stop sign violation, a minor misdemeanor, in violation of R.C. 4511.43(A). On March 18, 2014, Mr. Meyer, acting pro se, entered, via electronic mail, a plea of not guilty and waived his

right to a speedy trial. The waiver stated: "I, John Meyer, hereby enter my written plea of not guilty to the above traffic ticket and also waive time, under my speedy trial rights, from March 19, 2014 until the next hearing date."

{¶3} A pre-trial was subsequently scheduled for April 24, 2014. Mr. Meyer's trial date was scheduled for June 20, 2014. On June 19, Mr. Meyer filed a motion to dismiss for failure to bring him to trial within the time limit provided in R.C. 2945.71(A). Nonetheless, Mr. Meyer appeared in court on June 20 and pled guilty to an amended charge of speeding, a minor misdemeanor. Mr. Meyer was sentenced to pay a fine of $100, plus court costs.

{¶4} On appeal, Mr. Meyers assigns the following assignment of error:

{¶5} "The municipal trial court erred by not ruling on Mr. Meyer's motion to dismiss and convicting him of the charge of failure to yield/stop because his right to speedy trial was violated."

{¶6} The Supreme Court of Ohio, in *State v. O'Brien,* 34 Ohio St.3d 7 (1987), stated:

> 'The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. * * * This same right is assured an accused party by Section 10, Article I of the Ohio Constitution.'
>
> The General Assembly, in its attempt to prescribe reasonable speedy trial periods consistent with these constitutional provisions, * * * enacted R.C. 2945.71[.]
>
> * * *
>
> [F]or purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 *et seq.* and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive.

*Id.* at *8-9. "Speedy trial issues present mixed questions of law and fact. We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶18 (11th Dist.), citing *State v. Hiatt*, 120 Ohio App.3d 247, 261 (4th Dist.1997).

> It is well-established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for dismissal. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute.

(Internal citations omitted.) *State v. Rumer*, 6th Dist. Lucas No. L-07-1178, 2009-Ohio-265, ¶9.

{¶7} Here, Mr. Meyer was charged with a minor misdemeanor. As a result, unless there was a valid waiver of time, he was required to be brought to trial within 30 days after his citation. R.C. 2945.71(A). If Mr. Meyer was not brought to trial within the time specified by R.C.2945.71, and there was no valid waiver of time, he "shall be discharged" "[u]pon motion made at or prior to the commencement of trial." R.C. 2945.73(B).

{¶8} In determining whether an accused has waived his right to speedy trial, the Supreme Court of Ohio has stated:

> It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made. * * * Consistent with this principle, [the Supreme Court of Ohio] has found the statutory speedy trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy trial provisions. * * * Thus, we have held that an accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions. * * *.

3

(Internal citations omitted.) *State v. King*, 70 Ohio St.3d 158, 160 (1994). *See also State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶9} Here, Mr. Meyer executed a waiver of time, filed March 19, 2014, until "the next hearing date." Mr. Meyer's pretrial hearing was then set for April 24, 2014. There is no record before this court that a pretrial hearing actually occurred. At some point, a trial was set for June 20, 2014. On June 19, 2014, Mr. Meyer filed with the court a motion to dismiss for failure to bring him to trial within 30 days, pursuant to R.C. 2945.71. The next day, while Mr. Meyer's motion to dismiss was still pending, he appeared and entered a plea of *guilty* to an amended charge of speeding.[1]

{¶10} On appeal, Mr. Meyer does not deny that his plea of guilty was made voluntarily, knowingly, and intelligently. Further, he has failed to provide this court with a transcript of the proceedings below. Consequently, we must presume the regularity of the proceedings below and presume that Mr. Meyer entered a valid guilty plea.

{¶11} The record reflects that Mr. Meyer was issued a citation on March 6, 2014, and on March 19, 2014, he waived speedy trial until the next hearing date, for a total of 13 days attributable to the state. Pursuant to Mr. Meyer's waiver, time stopped running from March 19 until the "next hearing date." If there was a pretrial on April 24, and trial was scheduled for June 20, 2014, that would total 57 days attributed to the state. Adding the 13 days attributed to the state prior to the waiver, the length of delay in excess of 30 days would be approximately 40 days.

{¶12} However, because Mr. Meyer entered a valid plea of guilty, he has waived his right to claim a statutory speedy-trial violation. The Ohio Supreme Court, in

---

1. In his appellate brief, Mr. Meyer refers to a conversation he had with the prosecutor prior to pleading guilty. We note, however, Mr. Meyer did not file a transcript of the proceeding nor is there any reference to this conversation in the record.

4

*Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986), has held that "where an accused enters a *plea of guilty* he waives his right to raise the denial of his right to a speedy trial on appeal." *Id.* at 170 (emphasis added). The Supreme Court reaffirmed its holding in *State v. Kelley*, 57 Ohio St.3d 127 (1991), stating, "a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)." *Id.* at 130.

> [T]he purpose of speedy trial protections 'is to insure that factual guilt is validly established. That is, their purpose is to guarantee that the accused's right to a fair trial is not substantially prejudiced by * * * delays. * * * While such [speedy trial] violations preclude the establishment of guilt by trial, that is the extent of their reach. The establishment of guilt by a proper plea is not condemned by these protections.'

*Montpelier*, *supra*, at 172 quoting *United State v. O'Donnell*, 539 F.2d 1233, 1237 (9th Cir.1976).

{¶13} With regard to violation of a potential constitutional speedy trial right, this claim was neither properly raised at the trial court, as it was not argued in appellant's motion to dismiss, nor properly before us on appeal. Therefore, Mr. Meyer's constitutional speedy trial right will not be considered by this court on appeal.

{¶14} Mr. Meyer's assignment of error is without merit.

{¶15} The judgment of the Portage County Municipal Court, Ravenna Division, is hereby affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

5