[Cite as *State v. Bruce*, 2018-Ohio-1980.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0034** |
| RONALD J. BRUCE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2010 CR 00696.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Brian A. Smith,* 755 White Pond Drive, Suite 403, Akron, OH 44320 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Ronald J. Bruce, appeals his conviction, following his no contest plea, of two counts of nonsupport of dependents. At issue is whether the trial court erred in denying his motion to dismiss, which alleged the violation of his speedy-trial rights and the statute of limitations. For the reasons that follow, we affirm.

{¶2} On October 26, 2010, appellant was indicted for three counts of nonsupport of dependents, each count being a felony of the fifth degree. The Clerk of

Courts issued a certified copy of the indictment and warrant to the Portage County Sheriff on that same date. The warrant information sheet, also filed that same date, provided appellant's last known address in Columbus, Ohio.

{¶3} The statement of facts that follows is based on the undisputed facts presented at the hearing on appellant's motion to dismiss. On May 23, 2011, appellant was arrested in Franklin County on the outstanding warrant issued in this case. The Franklin County Court of Common Pleas released appellant on a personal recognizance bond, and ordered him to turn himself in at the Portage County Jail within five days to clear up the outstanding warrant. Despite this order, appellant never appeared in Portage County to resolve the warrant. Appellant, through his attorney, admitted during the motion hearing that he did not turn himself in as ordered by the court and that he had no excuse for not doing so.

{¶4} Six years later, on January 13, 2017, appellant was arrested again in Franklin County on the warrant. The Franklin County court again released him on his personal recognizance and ordered him to report to the Portage County Jail within five days to clear up the warrant. This time, appellant reported to the Portage County Jail, and resolved the warrant, which led to his arraignment on January 27, 2017, in the trial court.

{¶5} Thereafter, appellant filed a motion to dismiss, arguing the state violated his statutory and constitutional rights to a speedy trial and the statute of limitations.

{¶6} Following a hearing, the trial court denied the motion. Subsequently, appellant pled no contest to two counts of nonsupport of dependents as charged in the

indictment and the court, on the state's motion, dismissed the remaining count. The court found him guilty and sentenced him to four years of community control.

{¶7} Appellant appeals his conviction, asserting the following for his sole assignment of error:

{¶8} "The trial court erred in overruling Appellant's Motion to Dismiss."

{¶9} Appellant raises three issues under his assigned error. He argues that his speedy trial rights were violated under R.C. 2945.71; that his constitutional right to a speedy trial was violated; and that his right to be brought to trial within the six-year statute of limitations was violated.

{¶10} "'We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review.'" *State v. Schwentker*, 11th Dist. Ashtabula No. 2015-A-0012, 2015-Ohio-5526, ¶25, quoting *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶14. Further, "[s]peedy-trial issues present mixed questions of law and fact." *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶18. (11th Dist.) "We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." *Id*.

{¶11} Appellant argues on appeal that the reason for the delay in commencing and trying this action was the state's failure to track him down between May 2011 and January 2017. He said he was not hiding and the state had to do something more than just issue the warrant. In opposition, the state argues the time between which appellant was ordered to turn himself in to the Portage County Jail on May 23, 2011, and his second arrest on the warrant in January 2017, was attributable to appellant because that delay would have been avoided and there would have been no speedy-trial or

3

statute-of-limitations claim if appellant had simply followed the court's order to turn himself in to the Portage County Jail within five days of his May 23, 2011 arrest.

**{¶12} I. Statutory Right to a Speedy Trial**

{¶13} Appellant argues his statutory right to a speedy trial was violated because he was not brought to trial within 270 days after his arrest.

{¶14} R.C. 2945.71(C)(2) provides that a person charged with a felony shall be tried within 270 days after his arrest. Further, R.C. 2945.72 provides seven grounds for extending the time within which a person must be brought to trial. As pertinent here, that statute provides: "The time within which an accused must be brought to trial * * * may be extended only by the following: * * * (D) Any period of delay occasioned by the neglect or improper act of the accused."

{¶15} "Once the defendant demonstrates that he was not brought to trial within the applicable statutory limit, he has established a prima facie case for dismissal. The burden then shifts to the state to demonstrate that as a result of tolling or extension of the statutory time limit, the right to a speedy trial has not been violated." *Kist, supra*, at ¶22.

{¶16} Here, appellant was indicted in Portage County on October 26, 2010, and arrested in Franklin County on May 23, 2011, on the warrant issued on the indictment. The state thus had 270 days (or nine months) from May 23, 2011 to try appellant. As noted, on the day of his arrest, May 23, 2011, the Franklin County Court of Common Pleas ordered him to turn himself in to the Portage County Jail within five days to resolve the warrant. However, without any excuse, appellant failed to follow this order. In denying appellant's motion to dismiss, the trial court adroitly stated:

4

**{¶17}** [T]his is a unique case. I've had many cases where instead of allowing the Defendant to sit in jail, I've told them go back to your State or County within x amount of days and if you don't I'm going to do something with the warrant.

**{¶18}** Again, in this particular case, it was your duty to show up here in Portage County and turn yourself in. There's no controversy there. It was your duty. There is no way Portage County would've known * * * that you had been picked up [in Franklin County] and that you were supposed to show up in five days. At this time, I am going to deny your Motion to Dismiss because the delay was caused by the Defendant, not the State of Ohio.

**{¶19}** The facts in this case support a finding of "delay occasioned by the neglect or improper act of the accused" under R.C. 2945.72(D). If appellant had complied with the Franklin County court's order, he would not have had a speedy-trial claim. Thus, the time between appellant's 2011 Franklin County arrest and his appearance in Portage County on January 27, 2017, elapsed due to appellant's own neglect or improper act and is attributable to him. As a result, the speedy-trial time was extended during that period.

**{¶20}** Curiously, appellant argues the state based its opposition to his motion to dismiss on its argument that extradition proceedings were still pending after he was released from custody and that the state failed to use reasonable diligence in securing his availability for trial pursuant to R.C. 2945.72(A). Under that statute, the time within which a defendant must be tried is extended by any period during which he is unavailable for trial due to the pendency of extradition proceedings, as long as the state exercises reasonable diligence in securing his availability. However, the state never argued extradition proceedings under R.C. Chapter 2963 were pending and, in fact, the record does not show that extradition proceedings were ever brought in this matter.

5

Thus, the extension provision at R.C. 2945.72(A) is irrelevant, and appellant's reliance on same is unavailing.

{¶21} The record supports the finding that any delay in bringing this matter to trial after appellant failed to comply with the Franklin County court's initial order in 2011 was occasioned by appellant's neglect or improper act under R.C. 2945.72(D). For this reason, the time was extended until appellant turned himself in in January 2017, and the trial court did not err in denying his motion to dismiss.

{¶22} **II. Constitutional Right to a Speedy Trial**

{¶23} Next, appellant argues that the state's delay in bringing him to trial violated his constitutional right to a speedy trial. The Sixth Amendment to the United States Constitution guarantees the right to a speedy trial. In addition, Section 10, Article I of the Ohio Constitution also guarantees a criminal defendant the right to a speedy trial.

{¶24} The United States Supreme Court, in *Barker v. Wingo*, 407 U.S. 514 (1972), adopted a four-factor test to determine whether a criminal defendant has been denied the constitutional right to a speedy trial. The four factors to be weighed are the length of the delay, the reason for the delay, the accused's assertion of this right, and prejudice suffered by the accused. *Id.* at 530.

{¶25} First, as to the "length of the delay," the Supreme Court of Ohio, in *State v. Triplett*, 78 Ohio St.3d 566 (1997), held that the length of the delay acts as a triggering mechanism to determine the necessity of examining the remaining *Barker* factors. *Triplett* at 569. "The initial consideration is that of the specific delay occasioned by the state. 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *State v. O'Brien*, 34 Ohio

St.3d 7, 10 (1987), quoting *Barker, supra*, at 530. "A delay of nearly one year has generally been considered sufficient to be deemed 'presumptively prejudicial.'" *State v. Larlham*, 11th Dist. Portage No. 2007-P-0019, 2007-Ohio-6158, ¶18, quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992).

{¶26} Here, seven months elapsed between appellant's indictment and his arrest on the warrant in Franklin County in May 2011, and this is the only delay of the trial that can fairly be attributable to the state. Since that period is less than 12 months, it was presumptively not prejudicial. Thus, there is no need to consider the remaining *Barker* factors. However, even if the entire six-year period between the indictment and the arraignment was attributable to the state, it would not have been fatal to appellant's prosecution. The following comments by the Ohio Supreme Court in *Triplett, supra*, are germane:

> {¶27} Of course, police did not do all they could to apprehend Triplett. There is nothing in the record suggesting that police made any effort to go to the address in person to attempt to find Triplett. While this factor should be weighed, on balance, against the state, we do not find it fatal to the prosecution.

> {¶28} The length of the delay [54 months between the indictment and trial] and the prejudice presumed to arise from that, as well as Triplett's timely assertion of her Sixth Amendment rights, are factors in her favor under a *Barker* analysis. Still, *none of those factors ever would have become factors without Triplett's own hampering of her Sixth Amendment rights.* Triplett cannot overcome the fact that the genesis of the delay was her failure to accept certified mail [service] * * *. (Emphasis added.) *Id.* at 571.

{¶29} Likewise here, appellant's failure to clear up the warrant in May 2011, when he was ordered to do so by the Franklin County court, resulted in his hampering his Sixth Amendment right, and appellant cannot overcome the fact that the genesis of

7

the delay after May 2011 was his own failure to comply with the court's order that he appear at the Portage County Jail to resolve the warrant.

{¶30} Further, even if the delay between the indictment and the arraignment was attributable to the state, appellant's constitutional speedy-trial claim would still fail. In *Triplett, supra*, the Ohio Supreme Court stated:

> {¶31} [T]he delay in this case [of 54 months], while significant, did not result in any infringement on Triplett's liberty. In fact, according to her own testimony, she was completely ignorant of any charges against her. The interests which the Sixth Amendment was designed to protect – freedom from extended pretrial incarceration and from the disruption caused by unresolved charges – were not issues in this case. Therefore, while the first factor [i.e., the length of the delay] does technically weigh in Triplett's favor, its weight is negligible. *Triplett* at 569.

{¶32} Here, appellant was not subject to extended pretrial incarceration and did not allege any disruption to his life as a result of the indictment. In fact, at the motion hearing, his attorney said appellant had maintained various jobs between 2011 and 2017; filed federal and state tax returns; paid child support, and otherwise continued living his normal life unaffected in any way by the charges until he complied with the Franklin County court's second order in January 2017 to resolve the Portage County warrant. Thus, even if the length of the delay weighed in appellant's favor, any such weight was negligible. *Triplett, supra.*

{¶33} Second, with respect to the "reason for the delay," appellant argues that the reason for the delay of the trial was the state's failure to make any effort to locate and apprehend him prior to January 2017. However, it has been held that "[w]hen determining if the reason for the delay should weigh in favor of the defendant or the state, * * * if a defendant caused *or contributed* to the delay, this factor would weigh

8

heavily against the defendant." (Emphasis added.) *State v. Smith*, 8th Dist. Cuyahoga No. 81808, 2003-Ohio-3524, ¶14.

**{¶34}** Here, even if it could be shown that the Portage County Sheriff played some part in delaying the trial by not tracking down appellant at the various addresses he used between 2011 and 2017, appellant cannot reasonably deny that he intentionally delayed reporting to the Portage County Jail for six years and had no excuse for failing to follow the court's 2011 order. While any delay caused by the state amounted, at most, to negligence, appellant engaged in a deliberate attempt to delay or avoid prosecution. At a minimum, appellant contributed to the delay. As such, the reason for the delay must weigh heavily against him. *Smith, supra.*

**{¶35}** Third, as for appellant's "assertion of the right to a speedy trial," although he had the opportunity to raise this right in May 2011 when he was ordered to appear in Portage County, he failed to do so until six years later when ordered for the second time to clear up the warrant. Thus, his belated assertion of the right should only weigh moderately, if at all, in his favor.

**{¶36}** Fourth, appellant has failed to show that he was prejudiced by the delay. In *Barker*, the Supreme Court identified three interests that the right to a speedy trial is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 532. The last interest is the most serious. *Id.*

**{¶37}** In support of this factor, appellant argues that the Portage County CSEA workers on his case may possibly no longer be with the agency or that their memories may have faded. However, aside from being speculative, this argument is not

9

persuasive because CSEA's records would presumably still be available and the facts regarding his payment or non-payment of child support would be contained in those records. In any event, appellant could have avoided any prejudice by simply complying with the Franklin County court's 2011 order; thus, he was responsible for any prejudice he may have sustained. Moreover, he failed to demonstrate any actual prejudice. Therefore, this factor weighs against him.

{¶38} In weighing the four factors identified by the United States Supreme Court in *Barker*, we hold appellant's constitutional right to a speedy trial was not violated and, for this additional reason, the trial court did not err in denying appellant's motion.

{¶39} **III. The Statute of Limitations**

{¶40} For his third and final issue, appellant argues that his prosecution violated the statute of limitations, requiring the dismissal of the charges. R.C. 2901.13(A)(1)(a) provides that prosecution for a felony must be commenced within six years after the offense was committed. A prosecution is "commenced" when, among other things, the warrant on the indictment is executed. R.C. 2901.13(F) ("A prosecution is not commenced upon issuance of a warrant * * * or other process, unless reasonable diligence is exercised to execute the same.").

{¶41} Appellant argues that, while he was arrested on the warrant, he was not served with the indictment until his arraignment in January 2017. However, appellant misconstrues the Criminal Rules regarding execution of a warrant issued on the indictment. Crim.R. 9(B)(1) provides: "The * * * warrant shall  * * * describe the offense charged in the indictment * * *. A copy of the indictment * * * shall be attached to the warrant which shall command that the defendant be arrested and brought before the

10

court issuing the warrant without unnecessary delay." Pursuant to Crim.R. 9(C) and 4(D)(3), "warrants shall be executed by the arrest of the defendant." Since appellant concedes he was arrested on the outstanding warrant within the limitations period, the warrant was properly executed and this prosecution was timely commenced within the meaning of R.C. 2901.13(F). We note that by failing to argue any defect regarding the warrant below or on appeal, any such argument is waived or lacks merit. *State v. Awan*, 22 Ohio St.3d 120, 122 (1986); *State v. Dudas*, 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261, ¶16.

{¶42} In summary, since the indictment was filed and the warrant was executed within the limitations period, there was no violation of the statute of limitations.

{¶43} However, even if the action was not commenced within the statute of limitations, R.C. 2901.13(H) provides that "[t]he period of limitation shall not run during any time when the accused purposely avoids prosecution."

{¶44} The Supreme Court of Ohio, in *State v. Bess*, 126 Ohio St.3d 350, 2010-Ohio-3292, stated:

{¶45} A statute of limitations "'protect[s] individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.'" *Id.*, quoting *Toussie v. United States*, 397 U.S. 112, 114-115 (1970).

{¶46} These statutory purposes are not furthered, however, when the accused purposely avoids prosecution, because it is the conduct of the accused, not a lack of diligence on the part of the state, that causes the delay in the prosecution. Thus, *an accused who purposefully avoids prosecution cannot complain of prejudice resulting from the failure of the state to promptly commence the prosecution or from the unavailability of evidence as a result of the passage of time.* Just as the statute of limitations creates an incentive for the prompt investigation of suspected criminal activity,

11

tolling of the limitations period during any time when the accused purposely avoids prosecution reduces the incentive for the accused to abscond from justice. (Emphasis added.) *Bess, supra*, at ¶25-26.

{¶47} By failing to comply with the Franklin County court's 2011 order, appellant purposely avoided prosecution. As a result, even if this prosecution was not timely commenced, the limitations period was tolled between May 23, 2011 and January 2017, and appellant's prosecution was not barred by the statute of limitations.

{¶48} The record thus supports the finding that the statute of limitations did not bar appellant's prosecution and, for this additional reason, the court did not err in denying his motion to dismiss.

{¶49} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.

12