OPINION
{¶ 1} Appellant Lester Weatherspoon appeals his conviction and sentence entered in the Richland County Court of Common Pleas, on one count of burglary.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Lester Weatherspoon, was charged with two counts of burglary arising out of the break-ins at two separate homes in Mansfield, Ohio in December of 2004.
 {¶ 4} The first burglary took place sometime between December 23, 2004 and December 24, 2004 at 302 West Third Street. (T. at 215, 219). It was discovered by a friend of the homeowner, who went to the home to pick up a kerosene heater. (T. at 221, 222). The rear window of the home had been smashed out, and there were footprints in the snow. (T. at 216). Upon discovering the burglary, the friend called the homeowner, Jerry Cole, at work, and called the police. (T. at 224). When Mr. Cole arrived at his home, he found the inside of the home ransacked. (T. at 216-217). He also discovered numerous items missing, including a television, DVD player, stereo equipment, approximately 200 CDs, and approximately $500.00 worth of Christmas gifts. (T. at 216-218, 231-232).
 {¶ 5} The second burglary occurred on December 27, 2004 at 240 Clairmont Avenue. (T. at 238). On that date, the homeowner, Edward Dawson, arrived home from work at approximately 3:00 a.m. to discover the glass in the back door of his home broken out. (T. at 239). When he entered the home after calling police, Mr. Dawson discovered various items missing. Among the property which was stolen was a television, DVD player, two VCRs, approximately seventy DVDs, some CDs. (T. at 244-245). When he attempted to shovel away the broken glass outside the door, he discovered glass imbedded in the handle of a snow shovel, which had apparently been used to break out the glass. (T. at 242). On the inside of the door, he also discovered blood on the broken glass. (T. at 259, 268).
 {¶ 6} Appellant was linked to the second burglary through D.N.A. evidence obtained from the blood found on broken glass inside the door. (T. at 293-294). When the Appellant was questioned by police on February 9, 2005, he admitted to burglarizing the home at 240 Clairmont Avenue. (T. at 305-306). He indicated that he and the upstairs neighbor, Rodney Allen, had stolen numerous items from the home, and sold them for crack cocaine. (T. at 306). During the interview, Appellant also admitted to burglarizing the home at 302 West Third Street with an individual named Ronald Taylor. (T. at 306, 307). When he was driven to the location, he was able to identify he window through which he gained entry into that residence. (T. at 308).
 {¶ 7} At some point after the Appellant was questioned by police on February 9, 2005, he was returned to prison on a parole violation. His case was originally set for trial on July 11, 2005, within the statutory speedy trial time. However, it was continued five times sue sponte by the trial court. Four of those continuances were due to conflicts with other trials, and the other was due to the unavailability of the trial judge.
 {¶ 8} On January 5, 2006, the Appellant, through his counsel, filed a motion to dismiss alleging that his right to a speedy trial had been violated because he was not brought to trial within 270 days.
 {¶ 9} On January 6, 2006, a hearing was held on said motion to dismiss. At the conclusion of the hearing, the trial court overruled same, finding that Appellant's speedy trial time had been tolled by necessary and reasonable continuances.
 {¶ 10} The Appellant's jury trial ultimately commenced on January 10, 2006 after he refused to enter a guilty plea at the change of plea hearing scheduled on January 9, 2004.
 {¶ 11} During the voir dire phase of his trial, several observers entered the courtroom and sat in the back of the gallery near some of the potential jurors. One of these observers made a comment that the Appellant was a "career criminal." When the matter was brought to the attention of the trial court, it questioned potential jurors seated in that area as to whether they had heard the comment. Several jurors who had overheard the comment were dismissed.
 {¶ 12} During the bench conference with one of the jurors who overheard the comment, several other members of the jury panel heard that juror mention the words "career criminal."
 {¶ 13} After questioning by the trial court as to what they heard, one of the jurors was dismissed upon a challenge for cause. The court determined that the other juror, who had overheard only the word "criminal" without knowing the context, was not prejudiced and could still be fair and impartial. She remained on the jury.
 {¶ 14} The trial court overruled the Appellant's motion for a mistrial relating to this issue.
 {¶ 15} Once a jury was seated, the Appellant's trial lasted two days. At the conclusion of the trial, the jury reached a hung verdict on count one of the indictment, the count relating to the burglary of 302 West Third Street. The jury found the Appellant guilty of count two of the indictment, the count relating to the burglary of 240 Clairmont Avenue.
 {¶ 16} By Sentencing Entry dated January 12, 2006 and filed January 13, 2006, the trial court sentenced Appellant Weatherspoon to a term of incarceration of three (3) years, to be served "consecutive to present term." It is this judgment from which defendant appeals.
 {¶ 17} Appellant raises the following Assignments of Error for review:
 ASSIGNMENTS OF ERROR {¶ 18} "I. THE STATE VIOLATED DEFENDANT'S STATUTORY AND CONSTITUTIONAL RIGHTS TO SPEEDY TRIAL BY COMMENCING TRIAL HEREIN MORE THAN TWO HUNDRED SEVENTY DAYS AFTER THE INITIATION OF PROSECUTION.
 {¶ 19} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT DENIED DEFENSE MOTIONS FOR MISTRIAL BASED ON COMMENTS BY OBSERVERS AND BY THE COURT THAT THE DEFENDANT WAS A "CAREER CRIMINAL".
 I. {¶ 20} In his first Assignment of Error, Appellant argues that his constitutional right to a speedy trial was violated. We disagree.
 {¶ 21} Initially, we note that a speedy trial claim involves a mixed question of law and fact. State v. Larkin, Richland App. No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.
 {¶ 22} "The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution . . . and by Section 10, Article I of the Ohio Constitution." State v. Riley,162 Ohio App.3d 730, 735, 834 N.E.2d 887, 2005-Ohio-4337. The Ohio General Assembly enacted the provisions in R.C. 2945.71 et seq. in an effort to prescribe "reasonable speedy trial periods consistent with these constitutional provisions." Riley at 735,834 N.E.2d 887, quoting State v. O'Brien (1987), 34 Ohio St.3d 7, 8,516 N.E.2d 218.
 {¶ 23} When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. In Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the Court reiterated its prior admonition "to strictly construe speedy trial statutes against the state."
 {¶ 24} R.C. § 2945.71(C)(2) states that a defendant charged with a felony, as is the case sub judice, "[s]hall be brought to trial within two hundred seventy days after the person's arrest." The day of arrest is not included when computing this time limit.State v. Steiner (1991), 71 Ohio App.3d 249, 250,593 N.E.2d 368, citing R.C. 1.14 and Crim.R. 45(A).
 {¶ 25} The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. § 2945.72, which provides, in pertinent part:
 {¶ 26} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 27} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 {¶ 28} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 {¶ 29} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 30} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 31} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 32} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 {¶ 33} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 {¶ 34} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 {¶ 35} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.
 {¶ 36} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." Statev. DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745.
 {¶ 37} In this case, appellant was arrested on February 9, 2005, and charged with two felonies of the third degree. Pursuant to R.C. § 2945.71(C)(2), appellant had to be brought to trial within 270 days of the date of his arrest. Thus, appellant was initially required to be brought to trial no later than November 7, 2005.
 {¶ 38} Appellant's original trial date of July 11, 2005, was within the allowed time period as only 152 days had elapsed at that time.
 {¶ 39} As to each of the five continuances in this case, the trial court sua sponte filed a judgment entry continuing the matter.
 {¶ 40} A sua sponte continuance must be properly journalized before the expiration of the speedy trial period and must set forth the trial court's reasons for the continuance. "The record of the trial court must . . . affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." State v. Lee (1976),48 Ohio St.2d 208, 209, 357 N.E.2d 1095. Further, the issue of what is reasonable or necessary cannot be established by a per se rule but must be determined on a case-by-case basis. State v.Saffell (1988), 35 Ohio St.3d 90, 518 N.E.2d 934; State v.Mosley (Aug. 15, 1995), Franklin App. No. 95APA02-232. However, a continuance due the trial court's engagement in another trial is generally reasonable under R.C. § 2941.401. State v. Doane
(July 9, 1992), Cuyahoga App. No. 60097; See also State v.Judd, Franklin App. No. 96APA03-330, 1996 WL 532180. However, a continuance because the court is engaged in trial may be rendered unreasonable by the number of days for which the continuance is granted. See State v. McRae (1978), 55 Ohio St.2d 149,378 N.E.2d 476.
 {¶ 41} This court finds that each of the sua sponte continuances in the case sub judice were for good cause and were necessary and reasonable, given that the trial court entered upon the record that it was engaged in other trials and the number of days for which the trial was continued was not unreasonable.
 {¶ 42} Thus, we find that 182 days were the result of reasonable and necessary continuances wherein the time was tolled. When this number of days is subtracted from the 334 elapsed days, the total number of days attributable to the State is only 152.
 {¶ 43} At no time in said motion, or in the oral hearing which was held on January 6, 2006, did counsel allege that the Appellant was entitled to the benefit of the triple count provision in R.C. § 2945.71(E). The Ohio Supreme Court has held that the triple count provision only applies when the person is being held in jail in lieu of bail solely on the pending case.State v. McDonald (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus.
 {¶ 44} As Appellant failed to raise this issue at the trial court level, arguing same for the first time on appeal, this Court has no means of reviewing the circumstances under which Appellant was being held and further find that Appellant has waived such error. See State v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue.
 {¶ 45} Accordingly, we find that appellant's right to a speedy trial pursuant to R.C. § 2941.401 was not violated.
 {¶ 46} Appellant's first assignment of error is overruled.
 II. {¶ 47} In his second assignment of error, Appellant argues that the trial court erred in denying his motion for a mistrial. We disagree.
 {¶ 48} A trial court is entitled to broad discretion in considering a motion for a mistrial. State v. Sage (1987),31 Ohio St.3d 173, 182. Thus, our standard of review on appeal is whether the trial court abused that discretion. State v.Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus; State v. Williams (1975), 43 Ohio St.2d 88,330 N.E.2d 891. An abuse of discretion is more than error of law or judgment. It implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 49} Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118. "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened * * *." State v.Reynolds (1988), 49 Ohio App.3d 27, 33. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Sage, supra at 182.
 {¶ 50} Upon a thorough review of the record, we find that each of the other jurors who were ultimately seated on the panel was questioned in voir dire, out of the presence of the other jurors, and each stated they had not heard the "career criminal" comment. The trial court excused each of the prospective jurors who heard such comment.
 {¶ 51} The record does not support appellant's contention that the jury was prejudiced by the "career criminal" comment as there is no evidence that the jurors were aware that such comment had been made. The jurors who were interviewed with regard to such comment denied any knowledge as to same.
 {¶ 52} Based on the foregoing, we find that the trial court did not abuse its discretion in the refusing appellant's Motion for Mistrial.
 {¶ 53} Appellant's second assignment of error is overruled.
 {¶ 54} For the reasons stated in the foregoing opinion, the judgment of the Richland County Court of Common Pleas, is hereby affirmed.
By: Boggins, J. Wise, P.J., and Gwin, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.