OPINION
{¶ 1} Appellant, Victoria Niebauer, appeals the judgment of the Ashtabula County Court of Common Pleas denying her motion to suppress and motion to dismiss for violation of her right to speedy trial. For the reasons set forth below, the judgments of the trial court are affirmed.
 {¶ 2} On January 10, 2007, Deputy Michael Roach of the Ashtabula County Sheriffs Department was patrolling Edgewood Trailer Park, an area frequently patrolled *Page 2 
due to rampant drug activity. Deputy Roach was very familiar with the area since he had logged in many patrol hours at the trailer park. At approximately 2:00 a.m., Deputy Roach observed a vehicle, displaying a Pennsylvania license plate, parked in lot number 302. As Deputy Roach passed the vehicle, he noticed a female sitting in the vehicle, later identified as Niebauer. Not recognizing the vehicle or the driver, and taking into consideration the time, Deputy Roach approached the vehicle to inquire of Niebauer if she needed assistance. As Deputy Roach approached the vehicle, a male, who had been slumped down in the passenger's seat, exited the car and began screaming and swearing at Deputy Roach. Recognizing the male as Jesse Korff, Deputy Roach warned him to lower his voice. Disobeying Deputy Roach's warning, Mr. Korff became more agitated and began to approach Deputy Roach in a threatening manner. At this point, believing Mr. Korff was going to physically assault him, Deputy Roach began to make a tactical retreat. As he was backing away from Mr. Korff, he observed Niebauer, who was seated in the driver's seat, had her hands completely concealed under a shirt that was across her lap. Deputy Roach yelled to Niebauer to put her hands where he could see them since he was concerned that she may have a weapon. Niebauer did not comply with Deputy Roach's request.
 {¶ 3} Deputy Roach called dispatch and requested backup. Deputy Roach again warned Mr. Korff to desist his behavior; he did not comply. When Deputy Roach arrested Mr. Korff and attempted to handcuff him, a struggle ensued. During the struggle, Niebauer exited the driver's side of the vehicle and began to walk away. Deputy Roach ordered Niebauer back into the vehicle for safety purposes, since her hands were still concealed under the shirt. At that time, Deputy Roach noticed that Niebauer was carrying an object under the shirt. Niebauer did not comply with the *Page 3 
orders of Deputy Roach. Again, Deputy Roach ordered Niebauer to stop and return to the vehicle, but she refused and walked into the trailer located at lot 302.
 {¶ 4} At this time, Sergeant Slocum and Deputy Baehr arrived and assisted Deputy Roach in securing Mr. Korff and placing him in the back of the police cruiser. Sergeant Slocum made contact with the property owner at lot 302. Daniel Goss, the owner of the mobile home at that location, denied Sergeant Slocum entry into the trailer. At this time, Niebauer exited the trailer. Niebauer was placed under arrest for obstructing official business; she was handcuffed and placed in the back of the police cruiser.
 {¶ 5} Sergeant Slocum asked Mr. Goss to retrieve the items that Niebauer carried into the trailer with her. Mr. Goss retrieved the shirt. Niebauer's shirt had a hypodermic syringe containing a trace amount of an unknown liquid and a plastic tube containing a trace amount of an off-white powder, both located in the pocket of the shirt. Based on Deputy Roach's training and experience, he believed both of the items contained traces of methamphetamine.
 {¶ 6} Deputy Roach searched the vehicle, which was registered to Niebauer. Deputy Roach testified that in cases involving methamphetamine, it is always a concern that an active, portable methamphetamine lab is located inside the vehicle, and it is common policy to check vehicles when methamphetamine is involved to ensure an active lab is not in the vehicle for public safety. In addition, Deputy Roach testified that he believed weapons may be concealed in the driver's side compartment due to Niebauer's actions. The search of Niebauer's vehicle produced empty packages of pseudoephedrine, numerous packages of lithium batteries, red phosphorus matches, and a glass beaker; all items which are used in the actual chemical production, or *Page 4 
cooking, of methamphetamine. A purse located on the front of the driver's seat was also searched. A search of the purse revealed a plastic tube containing suspected methamphetamine, a portable digital scale, numerous empty small plastic bags, a butane torch, and a jar of butane fuel. The items were removed, collected, and entered into evidence at the Ashtabula County Sheriffs Department.
 {¶ 7} Niebauer was indicted on one count of illegal assembly of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A) and a felony of the third degree. Niebauer pled not guilty.
 {¶ 8} On May 14, 2007, Niebauer filed a motion to suppress the evidence alleging Deputy Roach lacked authority to detain Niebauer and search her vehicle. The trial court overruled Niebauer's motion to suppress.
 {¶ 9} In a judgment entry dated July 24, 2007, the trial court found that Niebauer was in her vehicle when Deputy Roach approached. During this initial consensual encounter, Deputy Roach developed a reasonable suspicion of criminal activity, warranting an investigatory detention of Niebauer. After Niebauer exited the trailer, Deputy Roach handcuffed her, since the facts and circumstances surrounding the situation established an element of risk. At that time, since Niebauer failed to heed the orders of Deputy Roach, she was placed under arrest. Incident to a lawful arrest, Deputy Roach searched Niebauer's shirt. Moreover, the trial court found that although Niebauer was outside her vehicle upon her arrest, the search of both her vehicle and her purse, located inside the vehicle, were constitutional incident to a lawful arrest.
 {¶ 10} Further, the trial court did not find credible the testimony of Niebauer, who testified that she was walking to the trailer when Deputy Roach initially approached her and that, after Deputy Roach ordered Mr. Korff and Niebauer to return to the vehicle, *Page 5 
they complied. Then, as Deputy Roach was speaking with Mr. Korff, she got out of the vehicle and went inside the trailer. However, as soon as she went inside the trailer, she came back outside because there was no telephone inside. The trial court found that Niebauer's account of the facts lacked veracity and credibility, and it placed "little to no weight on her testimony."
 {¶ 11} On November 16, 2007, Niebauer filed a motion to dismiss for violation of her right to speedy trial. The trial court denied Niebauer's motion finding that for purposes of speedy trial only 261 days had elapsed.
 {¶ 12} On December 13, 2007, Niebauer withdrew her plea of not guilty and entered a plea of no contest. The trial court sentenced Niebauer to a term of incarceration for two years.
 {¶ 13} Niebauer filed a timely notice of appeal and asserts the following "resolutions," construed by this court as assignments of error:
 {¶ 14} "[1.] The trial court committed reversible error in denying Miss Niebauer's motion to suppress evidence.
 {¶ 15} "[2.] The trial court committed reversible error in denying Miss Niebauer's motion to dismiss for violation of speedy trial rights."
 {¶ 16} In her first assignment of error, Niebauer alleges the trial court erred when it overruled her motion to suppress.
 {¶ 17} On a motion to suppress, this court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8, citing State v. Fanning (1982), 1 Ohio St.3d 19. "Accepting those facts as true, we must independently determine as a matter of law, *Page 6 
without deference to the trial court's conclusion, whether they meet the applicable legal standard." State v. Retherford (1994),93 Ohio App.3d 586, 592.
 {¶ 18} Under the Fourth Amendment, searches and seizures conducted without a warrant based on probable cause are unreasonable unless the search falls within an exception to this requirement. Katz v.United States (1967), 389 U.S. 347, 357. One exception to the warrant requirement is a search incident to a lawful arrest.
 {¶ 19} Unless an arresting officer has probable cause to make an arrest, a warrantless arrest is constitutionally invalid. State v.Timson (1974), 38 Ohio St.2d 122, 127. Probable cause exists when the arresting officer has "sufficient information, derived from a reasonably trustworthy source, to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused." Id. (Citations omitted.) In making this determination, the trial court will examine the totality of the facts and circumstances surrounding the arrest. See State v. Miller (1997), 117 Ohio App.3d 750, 761. (Citations omitted.)
 {¶ 20} First, Niebauer challenges her arrest for obstructing official business, a violation of R.C. 2921.31, which provides, in pertinent part:
 {¶ 21} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 22} It is clear from a review of the record that the facts of the instant case support the arrest of Niebauer for a violation of R.C. 2921.31. Deputy Roach testified that while he was in the process of calling for backup, he requested Niebauer to place her hands where he could see them. Niebauer refused. Then, during the struggle with *Page 7 
Mr. Korff upon his arrest, Niebauer got out of the driver's side of the vehicle with her hands still concealed under her shirt. When ordered back into the vehicle, Niebauer did not comply. Deputy Roach again ordered Niebauer to stop and return back into her vehicle but, again, she refused and walked into the trailer located at lot 302. The evidence overwhelmingly illustrates that Niebauer continuously failed to comply with the orders of Deputy Roach. Niebauer's refusal to obey Deputy Roach's orders gave him probable cause to believe that she was impeding the performance of his duty in violation of R.C. 2921.31. Therefore, based on the totality of the facts and circumstances, Niebauer's arrest was supported by probable cause.
 {¶ 23} The trial court also heard a different version of the facts through the testimony of Niebauer. However, we emphasize that we will not disturb the trial court's determination regarding the credibility of the witnesses as "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} Based on the foregoing, this argument propounded by Niebauer is without merit.
 {¶ 25} Second, Niebauer alleges on appeal that without giving her the "benefit of Miranda advisements, Deputy Roach asked * * * if the item of clothing belonged to her." After Niebauer admitted the item of clothing belonged to her, Deputy Roach searched it and discovered contraband suspected to be methamphetamine. Niebauer further argues that since the contraband found in her shirt supported the search of her vehicle, all items found in her vehicle must also be suppressed.
 {¶ 26} "It is well-settled that a reviewing court will not consider questions that could have been, but were not, presented before the court whose judgment is sought to *Page 8 
be reversed." State v. Smith, 11th Dist. No. 2007-T-0076,2008-Ohio-1501, at ¶ 15. (Citation omitted.) Generally, an appellate court will not consider a constitutional issue that was not raised in the first instance, i.e., at the trial level. State v. Awan (1986),22 Ohio St.3d 120, 122-23.
 {¶ 27} The Supreme Court of Ohio, in State v. Peagler (1996),76 Ohio St.3d 496, 500, held "`[t]o suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.'" (Citations omitted.) A failure of the defendant to adequately raise the basis of the challenge constitutes waiver of said issue on appeal. Id. (Citations omitted.) Since "`[t]he prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits,'" said challenges are deemed waived. (Citations omitted.) Id.
 {¶ 28} A review of the record reveals that Niebauer neglected to make this argument at the trial court level. In fact, Niebauer's motion to suppress makes no mention of Miranda nor does it address the contraband found in her shirt. Furthermore, Niebauer did not even assert this theory at the suppression hearing. Niebauer failed to argue below that her Miranda rights had been violated when the police asked her if the shirt belonged to her and, as a result of the Miranda violation, all evidence obtained from the search of her shirt and vehicle should have been suppressed. Rather, the crux of Niebauer's motion to suppress argued that the consensual encounter between *Page 9 
Niebauer and Deputy Roach did not disclose "any reasonably articulable facts or individualized suspicions to justify further detention in order to search her car."
 {¶ 29} On appeal, Niebauer must adhere to the same theory upon which the case was presented at the trial court level. Smith, supra, at ¶ 15.
 {¶ 30} "[W]hile an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue." Peagler, 76 Ohio St.3d at 501.
 {¶ 31} The trial court denied Niebauer's motion to suppress stating the search of her shirt and vehicle were constitutional as it "was a search incident to a lawful arrest." The trial court did not address whether the evidence should have been suppressed as a result of the alleged Miranda violation because Niebauer did not raise the issue to the trial court. The alleged Miranda violation was raised for the first time on appeal to this court. Therefore, since Niebauer has failed to assert this argument below, the trial court did not have an opportunity to issue a ruling on it. Niebauer cannot allege this argument for the first time on appeal and, thus, this argument is waived.
 {¶ 32} Niebauer's first assignment of error lacks merit.
 {¶ 33} In her second assignment of error, Niebauer alleges the trial court erred in overruling her motion to dismiss for violation of speedy trial rights. The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee the right to a speedy trial. *Page 10 
 {¶ 34} "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. State v.Blumensaadt (Sept. 21, 2001), 11th Dist. No. 2000-L-107, [2001 Ohio App. LEXIS 4283, at *17]; see, also, State v. Pierson, 149 Ohio App.3d 318,2002-Ohio-4515, * * * at ¶ 12. (Overruled on other grounds.)
 {¶ 35} "Speedy trial issues present mixed questions of law and fact.State v. Hiatt (1997), 120 Ohio App.3d 247, 261. * * * We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts. Id." State v.Kist, 173 Ohio App.3d 158, 2007-Ohio-4773, at ¶ 18. (Parallel citation omitted.)
 {¶ 36} Since Niebauer was charged with a felony, she had to be brought to trial within 270 days of her arrest. R.C. 2945.71(C)(2). If the accused is not brought to trial within the time specified by R.C. 2945.71, the accused "shall be discharged" "upon motion made at or prior to the commencement of trial." R.C. 2945.73(B).
 {¶ 37} In the instant case, Niebauer was arrested on January 10, 2007 and posted bond on February 2, 2007. Due to the triple-count provision of R.C. 2945.71(E), any days Niebauer spent in jail on said charge are counted as three days. This time period, due to the triple-count analysis, counts as 69 days.
 {¶ 38} In addition, the time within which Niebauer must be brought to trial may be tolled, as specified in R.C. 2945.72, which provides, in pertinent part:
 {¶ 39} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 40} "* * * *Page 11 
 {¶ 41} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 42} "* * *
 {¶ 43} "* * *
 {¶ 44} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 45} We will address Niebauer's tolling events under R.C. 2945.72(E).
 {¶ 46} A review of the record reveals that no events occurred between Niebauer's release on February 2, 2007 and May 14, 2007, which counts as 100 days. Accordingly, 169 days had passed for purposes of calculating speedy trial.
 {¶ 47} On May 14, 2007, Niebauer filed a motion to suppress evidence relating to her arrest. A motion to suppress will toll the speedy trial clock from the time the motion is filed until the trial court rules on the motion. State v. Dach, 11th Dist. Nos. 2005-T-0048 2005-T-0054,2006-Ohio-3428, at ¶ 34. The trial court denied Niebauer's motion to suppress evidence on July 24, 2007. Thus, the period from May 14, 2007 through July 24, 2007 was tolled, for a total of 71 days. Consequently, Niebauer had to be brought to trial by November 2, 2007.
 {¶ 48} The trial in this matter was set for August 21, 2007; however, the record reflects that on August 30, 2007, the assignment commissioner rescheduled the jury trial to December 4, 2007, "due to the unavailability of the court." Niebauer contends that this notice cannot extend her speedy trial date because it does not contain the basis for the continuance. Niebauer filed a motion to dismiss for speedy trial violation *Page 12 
on November 16, 2007 and a supplemental motion to dismiss for violation of speedy trial on November 20, 2007.
 {¶ 49} Under R.C. 2945.72(H), if a continuance is granted other than on the accused's own motion, the time for speedy trial purposes is extended only if the continuance is reasonable. The Supreme Court of Ohio has held "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. (Emphasis in original.) Further, the reasonableness or necessity of the continuance cannot be established by a per se rule, but it must be determined on a case-by-case basis. State v. Weatherspoon, 5th Dist. No. 2006 CA 0013,2006-Ohio-4794, at ¶ 40. (Citations omitted.) (See, e.g., the Fifth Appellate District has held that the sua sponte continuances of the trial court totaling 182 days were reasonable and necessary where the trial court was engaged in other trials.) Id. at ¶ 41-42.
 {¶ 50} In State v. McLean, 11th Dist. Nos. 2003-T-0115 and 2003-T-0116, 2005-Ohio-954, at ¶ 14, this court held that a trial court may sua sponte continue an accused's trial beyond the time limits prescribed by R.C. 2945.71, "`but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit.'" Quoting State v. King (1994), 70 Ohio St.3d 158, 162. InMcLean, this court determined that since the trial court did not set forth any reason for the delay in bringing the defendant to trial within the time limits prescribed by R.C. 2945.71 and did not grant a continuance by journal entry, it could not be inferred that the trial court sua sponte continued the defendant's trial date. Id. at ¶ 15. *Page 13 
 {¶ 51} In its judgment entry dated November 26, 2007, denying Niebauer's motion to dismiss for violation of her right to speedy trial, the trial court stated:
 {¶ 52} "From August 20, 2007 to August 22, 2007, the undersigned was hospitalized at the Ashtabula County Medical Center for a gall bladder problem. On August 23, 2007, the undersigned was transferred to the Cleveland Clinic and remained there until August 24, 2007, which was a Friday. The undersigned was discharged for the weekend with instructions to return on August 27, 2007, where the undersigned remained until September 2, 2007. The undersigned was re-admitted to the hospital on September 18, 2007 until September 25, 2007.
 {¶ 53} "As such, from August 20, 2007 to September 2, 2007 and from September 18, 2007 to September 25, 2007 stay the speedy trial days.
 {¶ 54} "For purposes of speedy trial days calculations, from July 24, 2007 until August 19, 2007, 27 speedy trial days elapsed. From September 3, 2007 to September 17, 2007, 14 speedy trial days are credited to the Defendant. Finally, from September 26, 2007 until November 15, 2007, 51 speedy trial days elapsed.
 {¶ 55} "For speedy trial purposes, the Court finds that as of the filing of the Defendant's Motion to Dismiss, only 261 speedy trial days have elapsed."
 {¶ 56} In the case sub judice, the sua sponte continuance occurred prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing Niebauer to trial. As stated, the assignment commissioner included a reason in support of the continuance, to wit: "the unavailability of the court." While we note the better practice would have been to explain in further detail the trial court's unavailability, a review of the record of the trial court demonstrates that the continuance was "reasonable in light of its necessity or purpose." See,State v. Lee (1976), 48 Ohio St.2d 208, 209. The record *Page 14 
demonstrates that the trial judge was unavailable to enter a journal entry because he was hospitalized at the time the trial was to begin, and also at the time the assignment commissioner issued the new trial notice for December 4, 2007. Therefore, under the facts and circumstances of the instant case, we find the brief extension beyond the expiration of the speedy trial limitation to be an extension permitted by R.C. 2945.72(H). Niebauer's second assignment of error is overruled.
 {¶ 57} The judgments of the Ashtabula County Court of Common Pleas are affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents. *Page 1